JOURNAL ENTRY AND OPINION
Miguel Gross, pro Se, appeals from a decision of the common pleas court denying his motion for post-conviction relief concerning a 1995 conviction for felonious assault and kidnapping, alleging entitlement to an evidentiary hearing in order to prove ineffective assistance of counsel. Gross complains that the court abused its discretion by failing to conduct such a hearing prior to denying his petition for post-conviction relief. After carefully considering the record before us and the applicable law, we have concluded that this case is governed byState v. Nichols (1984), 11 Ohio St.3d 40, and we, therefore, affirm the judgment of the trial court.
The history of the case reveals that on August 22, 1995, a grand jury indicted Gross on charges for felonious assault and kidnapping. After several pretrial conferences, Gross pled guilty to one count of felonious assault on December 14, 1995, and the court dismissed the kidnapping count in the indictment. At his sentencing on January 11, 1996, Gross attempted to orally withdraw his guilty plea, but the court denied this request. He did not file a direct appeal. Thereafter on October 29, 1996, Gross filed this post-conviction petition to vacate and to set aside his sentence. The state opposed this post-conviction petition, and the court later denied it on April 10, 1998. Gross filed a timely appeal from this denial and assigns the following error for our review:
 THE TRIAL COURT DENIED MIGUEL GROSS DUE PROCESS, EQUAL APPLICATIONS [SIC] OF CORRECT LAW TO CORRECT FACTS UNDER BOTH CONSTITUTIONS — WHEN THE TRIAL COURT DENIED POST-CONVICTION PETITION WITHOUT: HOLDING AN EVIDENTIARY HEARING; ABUSED DISCRETION TO THE SUBSTANTIAL PREJUDICE; 2) [SIC] BY NOT REVIEWING ALL THE FEDERAL CONSTITUTIONAL CLAIMS FOR RELIEF.
Gross contends that the court abused its discretion by failing to hold an evidentiary hearing on his petition for post-conviction relief thereby denying him an opportunity to prove his claims of ineffective assistance of counsel in that he claims now his counsel failed to contact or subpoena witnesses or prepare for trial and refused to speak to the victim and his claim of prosecutorial misconduct for allegedly promising that Gross would receive no more than an eighteen month sentence.
The state urges affirmance maintaining that the trial court properly denied Gross' petition because his claims are not well taken and are barred by the doctrine of res judicata.
The issue here concerns whether the court correctly denied the petition for post-conviction relief where Gross failed to file a direct appeal from the court's decision.
R.C. 2952.21 governs petitions for post-conviction relief and states in part:
 (C) * * * Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusion of law with respect to such dismissal.
In State v. Nichols (1984), 11 Ohio St.3d 40, 42, the Supreme Court stated:
 In the case sub judice, appellant raises constitutional issues de novo on appeal in a postconviction relief proceeding. Insofar as appellant's claims have never been heard on appeal from the original judgment and conviction, the optimum forum for appellant's arguments would be in a delayed appeal from the original judgment and conviction if so granted by the court of appeals. * * *" a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." (Emphasis added.) By logical extension, postconviction relief is not available until such time as conventional appellate relief has been sought. * * * Since the constitutional concerns of appellant were never raised in an appeal from the original judgment and conviction, there would, however, be no res judicata effect as to subsequent postconviction relief proceedings. Accordingly appellant has the avenue of filing a motion for a delayed appeal from the original judgment and conviction. (Emphasis added.) (Citations omitted.)
Accordingly, in this case, Gross chose to raise the issues of ineffective assistance of counsel and prosecutorial misconduct in a petition for post-conviction relief instead of filing a direct or delayed appeal from his conviction. Pursuant to Nichols, this relief is not available to Gross, and we are unable to grant the relief he seeks. However, relief sought pursuant to R.C. 2953.21
allows evidence outside the record to be presented in support of alleged constitutional claims and this evidence can avoid a res judicata bar. See State v. Cole (1982). 2 Ohio St.3d 112.
Here, Gross has submitted an affidavit from Tyrone Anderson, an eyewitness to the incidents which give rise to these charges, who stated that Gross' counsel never called or interviewed him. While this may be proper evidence outside the record, appropriate for post-conviction relief, Gross here has failed to set forth sufficient facts to demonstrate substantive grounds for relief. In particular, Gross failed to demonstrate (1) that his lawyer's performance was objectively unreasonable, and (2) that there is a reasonable probability that Gross would not have pleaded guilty but for counsel's errors. See Hill v. Lockhart (1985),474 U.S. 52; State v. Xie (1992), 62 Ohio St.3d 521, 524-525. Gross likewise failed to sustain his burden to cast doubt on the validity of his guilty plea. We have not been provided with a transcript of the plea proceeding and Gross did not provide any reason to conclude that an accurate record of the plea proceeding would not be reconstructed, so regularity would be presumed. Gross' own selfserving declarations would be insufficient to entitle him to post-conviction relief. See State v. Kapper
(1983), 5 Ohio St.3d 36; State v. Tsmail (1981), 67 Ohio St.2d 16.
For these reasons, we have concluded the trial court correctly denied the petition for post-conviction relief.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER. A.J., CONCUR;
DIANE KARPINSKI. J., CONCURS IN JUDGMENT ONLY WITH CONCURRING OPINION.
________________________________ JUDGE TERRENCE O'DONNELL
N.E. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See also, S.Ct.Prac.R. II, Section 2(A)(a).
CONCURRING OPINION.