THE STATE OF OHIO, APPELLEE, *v.* NICHOLS, APPELLANT.

[Cite as State *v.* Nichols (1984), 11 Ohio St. 3d 40.]

(No. 83-906—Decided May 23, 1984.)

*Mr. David Tobin,* prosecuting attorney, and *Mr. Robert S. Hartford, Jr.,* for appellee.

*Mr. Robert S. Catz* and *Mr. Mark Shenfield,* for appellant.

LOCHER, J. The narrow issue before us is whether a delayed appeal pursuant to App. R. 5(A) is available in a proceeding for postconviction relief. For the reasons set forth below we find no basis for such delayed appeal.

It is important to note that Nichols' latest constitutional claims which ultimately resulted in the federal magistrate's recommendation to grant the writ of habeas corpus were not presented to either the trial court or the court of appeals. Accordingly we will confine ourselves to the procedural question presented and make no attempt, in the interests of comity and federalism, to review the federal magistrate's findings with respect to Nichols' averred constitutional claims. See *Stores Realty Co.* v. *Cleveland Bd. of Bldg. Standards* (1975), 41 Ohio St. 2d 41 [70 O.O.2d 123]; *Columbus* v. *Rogers* (1975), 41 Ohio St. 2d 161 [70 O.O.2d 308]; *Moats* v. *Metropolitan Bank of Lima* (1974), 40 Ohio St. 2d 47 [69 O.O.2d 323].

To resolve the question before us some background is necessary. Postconviction relief proceedings in Ohio have historically been cognizable as

quasi-civil. Thus, the doctrine of *res judicata* is applicable to postconviction relief proceedings. *State* v. *Perry* (1967), 10 Ohio St. 2d 175 [39 O.O.2d 189], paragraph eight of the syllabus. Moreover, *res judicata* has been most recently utilized to justify dismissal of postconviction relief proceedings where the issue in question was never raised on direct appeal from the original judgment and sentence. *State* v. *Cole* (1982), 2 Ohio St. 3d 112.

In the case *sub judice,* appellant raises constitutional issues *de novo* on appeal in a postconviction relief proceeding. Insofar as appellant's claims have never been heard on appeal from the original judgment and conviction, the optimum forum for appellant's arguments would be in a delayed appeal from the original judgment and conviction if so granted by the court of appeals. As we stated in paragraph nine of the syllabus in *Perry, supra,* and subsequently reaffirmed in *Cole, supra,* "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding *except an appeal from that judgment,* any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." (Emphasis added.) By logical extension, postconviction relief is not available until such time as conventional appellate relief has been sought. Cf. *State* v. *Gibson* (1980), 69 Ohio App. 2d 91 [23 O.O.3d 130] (postconviction relief should be used for evidence dehors the record). Since the constitutional concerns of appellant were never raised in an appeal from the original judgment and conviction, there would, however, be no *res judicata* effect as to subsequent postconviction relief proceedings. Accordingly appellant has the avenue of filing a motion for a delayed appeal from the original judgment and conviction.

In the present case appellant seeks to have us allow a delayed appeal in postconviction relief proceedings as if App. R. 5(A) were applicable to such proceedings. We decline to endorse such a view.

R.C. 2953.23(B) is explicit in stipulating appeal may be had from an order denying or awarding postconviction relief "pursuant to section 2953.21." Such an order is a final judgment and may be appealed *pursuant to R.C. Chapter 2953.* Although R.C. Chapter 2953 is a criminal chapter, nowhere does this chapter explicitly mandate the use of the Ohio Rules of Appellate Procedure as applicable to criminal cases. As we noted in *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46, 49 [71 O.O.2d 26], "[u]nder R.C. 2953.21, an action for postconviction relief is a *civil proceeding* in which the prosecuting attorney represents the state as a party." (Emphasis added.) See, also, *State* v. *Harvey* (1980), 68 Ohio App. 2d 170, 171 [22 O.O.3d 235].

It would be manifestly unreasonable to have a different type of procedural rule for each subsection and sentence of R.C. 2953.21 through 2953.23. The dictates of judicial economy as well as the need for viable and consistent application, make it necessary that a uniform procedural framework be adopted. As indicated, this framework is civil, not criminal,

although by necessity postconviction relief proceedings admittedly have an impact on adjudicated felons.

We are mindful that commentators have viewed the evolution of postconviction relief in Ohio as having created a virtually futile review process. See 1 Anderson's Ohio Criminal Practice and Procedure (1982) 545-546, at Section 47.1; Comment, The Post-Conviction Review Dilemma in Ohio (1983), 44 Ohio St. L.J. 537. To the extent we would encourage the expeditious disposition of "frivolous and interminable appeals from prisoners who have their freedom to gain and comparatively little to lose," we would not deny such assertions. *State* v. *Cole, supra,* at 115; *State* v. *Milanovich, supra,* at 51. As we have indicated, however, the appellant herein can perfect his complaint through delayed appeal of his original conviction and judgment. This option hardly lends credence to assertions of procedural futility and supplies ample evidence that we do not seek to limit the legitimate assertion of constitutional error. We trust that appellant's attempts at more viable means of redress will yield a full and fair review of his allegations of unconstitutionality within the established procedural framework.

Accordingly we hold a delayed appeal pursuant to App. R. 5(A) is not available in the appeal of a postconviction relief determination pursuant to R.C. 2953.23(B). Additionally, we hold that postconviction relief proceedings will be governed by the Ohio Rules of Appellate Procedure as applicable to civil actions.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, HOLMES and J. P. CELEBREZZE, JJ., concur.

CELEBREZZE, C.J., concurs in judgment only.

KOEHLER, J., dissents.

C. BROWN, J., dissents separately.

KOEHLER, J., of the Twelfth Appellate District, sitting for W. BROWN, J.

CLIFFORD F. BROWN, J., dissenting. In reaching its decision the majority has chosen to ignore the plain language of R.C. 2953.23(B) and instead has seized upon *dictum* expounded in *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46 [71 O.O.2d 26]. For the following reasons I find such reliance unfounded and, therefore, dissent.

Although postconviction relief proceedings contain some aspects of civil actions, such as the doctrine of *res judicata* and provision for summary judgment, *res judicata* is applicable by reason of *State* v. *Perry* (1967), 10 Ohio St.

2d 175 [39 O.O.2d 189], and summary judgment is available because it is provided by R.C. 2953.21 which, in pertinent part, states:

"(D) * * * Within twenty days from the date the issues are made up either party may move for summary judgment as provided in section 2311.041 of the Revised Code. A bill of exceptions is not necessary in seeking summary judgment. The right to such judgment must appear on the face of the record."

Provision for summary judgment, therefore, is not dependent upon whether postconviction relief proceedings are given the label of either criminal or civil proceedings.

The judgment of this court is based solely upon bad law comprising unfortunate *obiter dictum* contained in *Milanovich, supra,* at 49, "[u]nder R.C. 2953.21, an action for postconviction relief is a civil proceeding, * * *." Such *dictum* was unnecessary for the decision reached in *Milanovich*. It was an off-the-cuff rumination, a gratuitous and fortuitous expression, made without any analysis of its consequences and potential misapplication as in the instant case. It was a result of judicial day-dreaming and wool-gathering. We should not crystallize it as law so as to repeal a valid statute, the last clause of R.C. 2953.23(B).

By relying on the foregoing *dictum* in *Milanovich* the court has completely ignored the language of R.C. 2953.23(B) which provides for the appeal of postconviction relief proceedings. R.C. 2953.23(B) states in its entirety, "[a]n order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code."

R.C. 2953.23 became effective December 9, 1967. At that time the rules governing criminal appeals were contained in R.C. Chapter 2953, as the Rules of Appellate Procedure were not in existence.[1]

The legislature by the very wording of R.C. 2953.23(B) clearly mandated its intent to have the appeal of postconviction relief proceedings governed by R.C. Chapter 2953 which deals with appeals and other postconviction remedies. This together with subsequently enacted App. R. 5 governing "appeals" by leave of court in criminal cases harmonizes perfectly with and implements R.C. Chapter 2953, particularly R.C. 2953.05 thereof.

R.C. 2953.05 sets forth the specific right of delayed appeal. There can be little doubt that when the legislature enacted R.C. 2953.23(B) it intended postconviction relief appeals to be afforded the rights of a delayed appeal, since by that section's language final judgments "may be appealed pursuant to Chapter 2953. of the Revised Code." How this court today can totally ignore R.C. 2953.05 is beyond comprehension. R.C. 2953.05 states in pertinent part: "Appeal under section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after judgment and sentence * * *. After the expiration of the thirty day period as above provided, such appeal may be taken only by leave of the court to which the appeal is taken. * * *"

---

[1] The Rules of Appellate Procedure became effective July 1, 1971.

In *Milanovich* there was no delayed appeal to the court of appeals from the judgment of the trial court denying postconviction relief, and no issue concerning a delayed appeal, but there was an appeal as of right within thirty days. The appeal to the court of appeals involved only the legal issue "whether petitioner was entitled to a formal evidentiary hearing under R.C. 2953.21 *et seq.*" *Id.* at 47. "The Court of Appeals reversed the judgment and remanded the cause for an evidentiary hearing." *Id.* at 48. The syllabus of *Milanovich* reveals that there was no consideration of any issue of the right of petitioner to a delayed appeal or concerning any issue whether R.C. 2953.21 *et seq.* is a civil or criminal proceeding. This is revealed by close examination of the two paragraphs of the syllabus which read:

"1.  Where a claim raised by a petition for postconviction relief under R.C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief.

"2.  Upon a motion by the prosecuting attorney for summary judgment, a petition for postconviction relief shall be dismissed where the pleadings, affidavits, files and other records show that there is no genuine issue as to any material fact, and there is no substantial constitutional issue established."

It is no coincidence that App. R. 5, which is at issue in this case, provides for the grant of delayed appeals in criminal actions in language similar to that provided for delayed appeals in R.C. 2953.05. This court's decision today is raw judicial legislation, not judicial interpretation of a statute. While there is no small amount of confusion associated with what rules do and do not apply in the area of postconviction relief, this court should not take it upon itself to help simplify the area by ignoring the mandate of the legislature. I, therefore, would reverse the judgment of the court of appeals, which rests erroneously on *dictum* in *Milanovich,* and remand the cause to that court for determination pursuant to App. R. 5.