Appellant-defendant Wilbur Lewis appeals from a denial of his motion to withdraw a plea of guilty in the Lorain County Court of Common Pleas. This Court affirms.
On December 16, 1994, Lewis pled guilty to aggravated robbery, an aggravated felony of the first degree, and having a weapon under disability, a felony of the fourth degree. Both charges included specifications related to previous convictions for two aggravated felonies and for possession of a firearm. The underlying facts giving rise to the 1994 charges are not relevant to this appeal. Of relevance, however, is the fact that prior to his plea of guilty, Lewis had pled not guilty. The matter was set for trial, but on December 14, 1994, the prosecution presented to the court tape-recorded evidence that Lewis, his mother, and his grandmother were involved in a scheme to bribe witnesses who were scheduled to testify against Lewis. Shortly thereafter, Lewis changed his plea to guilty. The trial court sentenced Lewis to twelve to twenty-five years, with three years of actual incarceration for the aggravated robbery count, and one-and-a-half to five years for the weapons under disability count, with the sentences to run concurrently.
On September 20, 1996, Lewis filed for postconviction relief pursuant to R.C. 2953.21. In support of that petition, he attached a personal affidavit that alleged he was compelled to enter a plea of guilty as a result of threats made by the prosecutor and communicated through Lewis' counsel that failure to plead would result in more vigorous action against Lewis' mother and grandmother. Lewis requested a hearing on the motion. Despite the passage of months, Lewis produced no further evidence supporting his claim of coercion.
Thereafter, on June 2, 1997, the trial court denied both Lewis' motion for leave to file additional evidence and his petition for postconviction relief. No hearing was held. The trial court found that Lewis had failed to present substantive grounds for relief, explaining:
 At the time he entered his plea, the Defendant stated, in response to questions from the Court, that no one had forced him to plead guilty, that no one had threatened him in order to make him plead guilty, and that no promises had been made to him in order to make him plead guilty. * * * Thus, the Court finds that the Defendant knowingly, voluntarily, and intelligently entered his plea of guilty in this case.
Appellant attempted a delayed appeal from this denial; however, this Court dismissed the appeal, because a delayed appeal is not available for a postconviction relief determination. State v. Nichols (1984), 11 Ohio St.3d 40, paragraph one of the syllabus.
Appellant then moved to withdraw his plea of guilty on December 19, 1997. Accompanying his motion was an affidavit by Lewis that contained the same basic assertions that had formed the basis of his earlier motion for postconviction relief. In denying the motion, the trial court stated:
 Defendant's motion to withdraw his guilty plea merely restates the arguments set forth in Defendant's petition for postconviction [sic] relief. Further, the transcript of the plea hearing shows that the Court complied with [Crim.R.] 11 and that Defendant knowingly, voluntarily, and intelligently entered his plea of no contest.
Lewis timely appeals this latter denial and asserts the following assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW APPELLANT'S PLEA OF GUILTY AND IT FURTHER ERRED BY DENYING APPELLANT'S MOTION WITHOUT CONDUCTING AN ORAL HEARING[.]
In addressing this assignment of error, this Court need not reach the underlying merits of Lewis' claim. The Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. This Court has previously applied Reynolds in holding that a motion to withdraw a plea of guilty after the time for direct appeal that seeks vacation of a conviction and sentence on a claimed violation of a defendant's constitutional rights must be construed as a successive petition for postconviction relief.State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported. As with the defendant in Shie, Lewis has failed to satisfy the criteria under R.C. 2953.23(A) permitting second or successive postconviction relief petitions.[1] Lewis does not claim that he was unavoidably prevented from discovering the facts upon which he relies or that the United States Supreme Court has recognized a new, applicable federal or state right since his prior petition that is the basis of his claim. Nor has Lewis shown by clear and convincing evidence that, but for the alleged constitutional error, a reasonable factfinder would have found him innocent of the charges to which he pled guilty.
Lewis has failed to satisfy the statutory requirements for second or successive petitions for postconviction relief. The decision of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- DONNA J. CARR FOR THE COURT
REECE, P. J., DICKINSON, J., CONCUR
[1] R.C. 2953.23 provides in relevant part:
(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.