JOURNAL ENTRY AND OPINION
Timothy J. Josso, defendant-appellant, (hereinafter "appellant") appeals from the judgment of the Cuyahoga County Court of Common Pleas wherein the trial court denied appellant's petition for postconviction relief subsequent to conducting an evidentiary hearing.
The appellant was found guilty by a jury of one count of aggravated burglary and one count of aggravated murder on January 29, 1988. The jury also found the appellant guilty on the firearm specification included in the indictment. On February 6, 1988, the appellant was sentenced to a term of thirty years incarceration plus an additional three years on the firearm specification. On June 1, 1989, the appellant's conviction was affirmed on direct appeal by this court. The Supreme Court of Ohio declined to exercise jurisdiction on September 20, 1989.
On or about December 5, 1995, the appellant filed a motion for postconviction relief from his conviction for aggravated murder. The motion alleged that the appellant received ineffective assistance of counsel during his trial and that the trial judge engaged in inappropriate behavior during the course of the trial. On or about March 1, 1996, the trial court denied the motion for postconviction relief without a hearing and issued findings of fact and conclusions of law in support of its ruling. On August 22, 1996, this court reversed the trial court's denial of the motion for postconviction relief, holding that the trial court's findings of fact and conclusions of law did not adequately address the issues presented in the motion for postconviction relief and that the trial court erred in not holding an evidentiary hearing on the motion.
Thereafter, the trial court conducted a full evidentiary hearing on the motion. On April 23, 1998, the trial court issued findings of fact and conclusions of law which once again operated to deny the appellant's motion for postconviction relief. The trial court's findings of fact and conclusions of law stated as follows:
 Having paid careful and close attention to the testimony of all the witnesses and taking into consideration the bias, interest and/or prejudice of each of them, together with all other known facts in the case, this Court (sic) finds the testimony of the Petitioner's witnesses lacking credibility. This Court (sic) notes that the Petitioner, Daniel Josso and Diane Johns all have an overwhelming interest in the outcome of the case and in obtaining Petitioner's freedom. According to the testimony of Daniel Josso, the trial was a well-attended (sic) trial, and there were many spectators present. Certainly, the gestures alleged here, if in fact made, would have been visible to all of the spectators in the courtroom, including the media.
 This Court (sic) clearly finds the evidence presented by the State to be more persuasive and credible than the biased and/or interested testimony offered by the Petitioner and his witnesses. Assistant Prosecuting Attorney Dominic Del Balso testified credibly that he did not hear Corrigan utter any inappropriate or gruesome statements and that he did not see any of the alleged gestures testified to by Petitioner and his witnesses. Moreover, John E. Corrigan, while under no obligation or order to testify at the hearing, willingly took the stand and testified credibly on both direct examination and cross examination (sic). Corrigan has participated in over 500 trials and spent 10 (sic) years in the General Division of Common Pleas Court presiding over civil and criminal trials. He emphatically and without waiver stated that it would have been impossible for him to have made the statement or the gestures to Petitioner.
The trial court also carefully considered and rejected the appellant's contention that he was denied effective assistance of counsel at trial.
The appellant timely filed the within appeal, once again challenging the sufficiency of the trial court's findings of fact and conclusions of law. The appellant states a sole assignment of error for our review.
 THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION, WHEN IT RENDERED INADEQUATE AND INCOMPLETE FINDINGS OF FACT AND CONCLUSIONS OF LAW WHEN, (SIC) FAILING TO REACH THE MERITS FOR ALL EIGHT OF APPELLANT'S CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WHEN IT DISMISSED APPELLANT'S PETITION FOR POST CONVICTION (SIC) RELIEF: AND RENDERED A JUDGMENT ON APPELLANT'S JUDICIAL MISCONDUCT CLAIM THAT WAS INCONSISTENT WITH THE EVIDENCE PROFFERED AT THE EVIDENTIARY HEARINGS(S); WHERE APPELLANT'S EVIDENCE WAS CORROBORATED THROUGH FOUR SEPARATE WITNESSES, INCLUDING AN OFFICER OF THE COURT.
An action for "postconviction relief is a civil proceeding in which the prosecuting attorney represents the state as a party."State v. Nichols (1984), 11 Ohio St.3d 40, 42 (emphasis in original), citing State v. Milanovich (1975), 42 Ohio St.2d 46,49. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine.State v. DeHass (1967), 10 Ohio St.2d 230. The trial court in this case acted as the finder of fact during the evidentiary hearing conducted on the appellant's motion for postconviction relief. It is clear that the trial court simply did not find the self-serving testimony of the appellant, or the cohorts he enlisted to testify on his behalf, to be at all credible, especially when measured against the testimony of an experienced trial judge and a veteran prosecutor. The findings of fact and conclusions of law also point out that although the appellant claims to have informed his trial counsel of the alleged inappropriate behavior of the trial judge during the course of the trial, no objection was ever made and trial counsel failed to make a record of the purported conduct. Additionally, one of appellant's trial attorneys testified at the hearing on the motion for postconviction relief that the behavior complained of by the appellant is open to different interpretations and may well have been totally benign.
In the within appeal the appellant puts forward a number of different conspiracy theories to explain away the findings of the trial court. Apparently, appellant believes that the original trial judge and his successor are part of some grand scheme to deprive him of his liberty. After first impugning the reputation of the trial judge who presided over his original trial, wherein he was found guilty by a jury of a brutal aggravated murder, the appellant now accuses the judge who inherited the original trial judge's docket of engaging in a "cover up" to protect "family "and Friends (sic) who have corrupted the Cuyahoga County Judicial system for more than thirty years."[1] The appellant further labels the findings of fact and conclusions of law of the trial court as "proposterous" (sic), and states that the trial court's "decision is obviously bias and partial." Perhaps, if the appellant had more substantive grounds upon which to base his motion for postconviction relief, he would not need to resort to ad hominem attacks on members of the judiciary. The appellant was convicted by a jury of his peers of a brutal murder whereby he shot a young woman in the face. There is not a scintilla of evidence that the jury was influenced by anything other than the evidence which was presented at trial. This court refuses to be dragged down into the morass of innuendo, conspiracy and character assassination into which the appellant's brief descends. The trial court's finding that the original trial judge conducted himself professionally throughout the trial, and did not engage in any inappropriate behavior, was clearly supported by the overwhelming weight of the credible evidence produced at the hearing.
The trial court's findings of fact and conclusions of law also thoroughly address the appellant's contention that he was denied effective assistance of counsel during his trial. In order to substantiate a claim of ineffective assistance of counsel, it must be demonstrated that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of the trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington
(1984), 466 U.S. 668. The trial court found that there was no evidence produced at the hearing which tended to indicate that the appellant was in any way prejudiced by the alleged deficient performance of his trial counsel. The trial court also specifically found that the appellant's contention that his attorney performed deficiently by not preserving the alibi testimony of his mother to be without merit because there was no indication that the appellant ever intended to use his mother as an alibi witness. No notice of alibi, pursuant to Ohio Crim.R. 12.1, was ever filed, and the issue was not even raised until after the appellant's mother had already died. The appellant's mother was still alive during the time leading up to the original trial date, which was later continued.
The trial court clearly believed, after hearing all of the evidence, that the appellant was attempting to use his mother's passing for his own benefit.
The findings of fact and conclusions of law also address the claim of the appellant that his trial counsel was deficient in not objecting to the alleged inappropriate gestures of the trial judge. Because the trial court did not believe that the alleged incidents ever took place, but rather were fabricated by the appellant, there could be no finding that appellant's counsel's failure to object altered the result of the trial.
The trial court did not err in denying the appellant's motion for postconviction relief. The findings of fact and conclusions of law issued by the trial court thoroughly addressed each issue raised by the appellant, and were consistent with the evidence offered at the evidentiary hearing. Appellant's lone assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ MICHAEL J. CORRIGAN JUDGE
 KARPINSKI, PJ., CONCURS IN JUDGMENT ONLY WITH SEPARATECONCURRING OPINION. KILBANE, J., CONCURS WITH SEPARATE CONCURRINGOPINION.
[1] This court can take judicial notice of the appellant's familiarity with the judicial systems in this and other counties. The appellant possesses a lengthy criminal record which includes prior arrests and/or convictions for auto theft (juvenile), operating a motor vehicle without consent (juvenile), investigation in connection with rape, assault and battery, a prior murder, four DUIs, and possession of cocaine.