OPINION
Appellant Douglas Haddix appeals the decision of the Stark County Court of Common Pleas that denied his motion for relief from judgment pursuant to Civ.R. 60(B). The following facts give rise to this appeal. In February 1995, the Stark County Grand Jury indicted appellant with three counts of rape, one count of gross sexual imposition and one count of child endangering. The charges were the result of appellant sexually molesting Lita Webster between June 1, 1994, and June 11, 1995. Appellant moved into Lita's mother's residence and the sexual molestation occurred when appellant babysat the young girl. This matter proceeded to trial on April 25, 1995. Following deliberations, the jury found appellant not guilty of one count of rape but guilty of the remaining charges contained in the indictment. After accepting the verdict, the trial court sentenced appellant to two concurrent indeterminate terms of incarceration of ten to twenty-five years on the rape convictions, a consecutive indeterminate term of five to twenty-five years on the felonious sexual penetration conviction and a consecutive determinate term of two years on the gross sexual imposition conviction. Thereafter, appellant filed a notice of appeal to this court. On June 3, 1996, we affirmed appellant's convictions and sentences. On February 24, 1997, appellant filed a petition for postconviction relief, pursuant to R.C. 2953.21, seeking to have his criminal sentence vacated and modified according to the new sentencing provisions of Senate Bill 2. Upon motion of the State of Ohio, the trial court dismissed appellant's petition on the basis that the petition did not state grounds warranting relief. Appellant appealed the trial court's dismissal of his petition to this court. We remanded the matter to the trial court to permit appellant to respond to the state's motion to dismiss. On remand, appellant attempted to raise a new claim concerning a confrontation clause violation. The trial court reaffirmed its earlier dismissal of appellant's petition on the basis that the sentencing provisions of Senate Bill 2 were not retroactive and did not apply to appellant because he was convicted and sentenced prior to the effective date of the legislation. Appellant appealed the trial court's decision to this court. We affirmed the trial court's decision on September 28, 1998. On June 21, 1999, appellant filed, in his criminal case, a motion pursuant to Civ.R. 60(B)(5) to have his sentence for felonious sexual penetration merged with his rape sentence. Appellant argues House Bill 445, effective September 3, 1996, eliminated the offense of felonious sexual penetration and redefined the elements of that offense. On June 29, 1999, the trial court overruled appellant's motion on the grounds that the motion constituted a petition for postconviction relief under R.C.2953.21 and did not qualify as a timely or successive postconviction relief filing. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. A MISCARRIAGE OF JUSTICE OCCURRED BY THE TRIAL COURT WHEN IT DENIED THE CIV.R. 60(B) MOTION AND ALSO CITED R.C. 2953.21 ET SEQ., PURSUANT TO THE FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 1, 2, 16
OF THE OHIO CONSTITUTION.
 I
Appellant maintains, in his sole assignment of error, that the trial court erred when it dismissed his Civ.R. 60(B) motion in which he sought to have his sentence for felonious sexual penetration merged with his rape sentence. We disagree. In the case of State v. Reynolds (1997), 79 Ohio St.3d 158, the Ohio Supreme Court set forth the standard by which postconviction pleadings are to be reviewed for purposes of R.C. 2953.21. The Court held: Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
Thus, based on the law contained in Reynolds, we find the motion appellant filed, pursuant to Civ.R. 60(B)(5), is a petition for postconviction relief. The trial court properly addressed appellant's motion as such. In a factually similar case, the Montgomery County Court of Appeals explained: We also agree with the state that [appellant's] motion under Civ.R. 60(B) was barred by 2953.23. Post-conviction relief in Ohio is pursued through quasi-civil proceedings. State v. Nichols (1984), 11 Ohio St.3d 40,41-42, 463 N.E.2d 375. Normally, a civil litigant is permitted to file a motion under 60(B) after the trial court has rendered judgment. However, were 60(B) motions permitted as a means of seeking post-conviction relief, the intent of the legislature in enacting R.C. 2953.23 would be frustrated, especially in regard to the 1995 amendments that restricted the discretion of trial courts to entertain post-conviction claims. If the statute did not encompass 60(B) motions, criminal defendants could file successive post-conviction petitions merely by restyling them to fit under the civil rule. Thus, we conclude that the Reynolds rule should apply to 60(B) motions. Where a petition is styled as a motion under Civ.R. 60(B) but is, in substance, a postconviction petition under R.C. 2953.21, it should be treated as the latter. See, e.g., State v. Carpenter (Dec. 6, 1996), Jefferson App. No. 96-JE-8, unreported, at 2. State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported, at 3, appeal dismissed (1998), 82 Ohio St.3d 1411.
The record indicates appellant's Civ.R. 60(B)(5) motion, as a petition for postconviction relief, was filed untimely under R.C.2953.21(A)(2). This section of the statute provides: (A)(2) A petition under (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Further, appellant did not attempt to satisfy the requirements of R.C. 2953.23 for late and successive postconviction relief petitions. This section of the statute provides: (A) Whether a hearing is or is not held on a petition filed pursuant to section2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply: (1) Either of the following applies: (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief. (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
* * * Having failed to meet these statutory requirements, we find the trial court properly overruled appellant's motion. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Hoffman, J., and Edwards, J., concur.