OPINION
Defendant-appellant Cecil P. Kirkland appeals from the September 9, 1999, Judgment Entry of the Stark County Court of Common Pleas overruling his motion to vacate. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
Appellant Cecil P. Kirkland worked with the Massillon Police Department's special investigations unit for over one year as a confidential informant. During this time, appellant had been in the unit's office, where evidence was stored. Appellant observed Detective Bruce Wilson unlock the cabinet to retrieve his cash payment. On March 2, 1997, appellant broke into the office and stole evidence, including $7,000 in cash and over 180 grams of crack cocaine. The building janitor discovered the break in the next day. The evidence cabinet was always locked, with only Detective Wilson and the office secretary having keys to the cabinet. The stolen evidence pertained to two defendants: Mark Jones and Marcellus Woods. Appellant was involved as a confidential informant on two of the three charges against Jones. Detective Wilson spoke with appellant on the day the break in was discovered. Appellant gave a written statement claiming that at the time of break in, he was with his girlfriend, sister, mother, and a friend at the Elks Club. Detective Wilson thought he observed glass slivers in the soles of appellant's shoes. Appellant agreed to turn over the shoes for testing. Glass samples were also collected from the carpet in appellant's car, with his consent. Appellant was arrested on March 15, 1997. After appellant's girlfriend gave Detective Wilson a taped statement, appellant admitted his involvement in the break in. Appellant gave a detailed confession, claiming that he smoked some of the drugs and kept some of the money, while giving some of the drugs and money away. However, appellant claimed that he dumped most of the drugs and money into a river. Appellant alleged that his motivation for the break in was threats made by Mark Jones and Jones' wife due to appellant's involvement as an informant. On March 20, 1997, appellant was indicted for Possession of Cocaine in violation of R.C. 2925.11(A), a felony of the first degree, Tampering with Evidence in violation of R.C. 2921.12, a felony of the third degree, Breaking and Entering in violation of R.C.2911.13, a felony of the fifth degree, and Theft in violation of R.C. 2913.02, a felony of the fourth degree. The case proceeded to jury trial in the Stark County Common Pleas Court. At trial, appellant did not deny breaking into the office and stealing the evidence. However, he claimed that he had committed the crimes under duress resulting from the threats made by Mark Jones and Jones' wife. Appellant was convicted as charged, and sentenced on May 14, 1997, to ten years incarceration for Possession of Cocaine and twelve months incarceration for Theft. The two sentences were to be served concurrently. Appellant was also sentenced to one year incarceration for Tampering with Evidence, and six months for Breaking and Entering, to be served consecutively to the sentences for Possession of Cocaine and Theft. Appellant appealed his conviction and sentence to this court, claiming that the jury's verdict was against the manifest weight of the evidence. Appellant, in his appeal, also claimed that his trial counsel was ineffective for failing to move to suppress appellant's taped confession on the grounds of coercion and for stipulating to the nature and identity of the property stolen from the evidence cabinet. This court affirmed the judgment of conviction and sentence. State v. Kirkland (June 22, 1998), Stark App. No. 1997CA00168, unreported. On September 16, 1997, appellant filed a Petition for Post-conviction Relief claiming that counsel was ineffective for failing to challenge multiple convictions for the same act, and for failing to move to suppress appellant's confession. The trial court dismissed the petition without a hearing finding that appellant had failed to support his claims with evidentiary material. This court, pursuant to an opinion filed on December 14, 1998, affirmed the judgment of the Stark County Court of Common Pleas dismissing appellant's Petition for Post-conviction Relief. State v. Kirkland (Dec. 14, 1998), Stark App. No. 1997CA00358, unreported. Subsequently, appellant filed a motion to vacate pursuant to Civ.R. 60(B)(3) and (5) on January 8, 1999, a motion for default judgment on April 7, 1999, and a motion for summary judgment on June 23, 1999. Appellant, with respect to his motion to vacate, argued that he should not have been convicted for possession of cocaine since no cocaine was found on or about his person. The trial court, which deemed all three of appellant's motions to be motions for post-conviction relief, overruled all three of appellant's motions pursuant to a Judgment Entry filed on September 9, 1999. The trial court specifically found that appellant's motions had not been timely filed and that the issues presented in the same were barred by the doctrine of res judicata. It is from the trial court's September 9, 1999, Judgment Entry that appellant prosecutes his current appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT CONSTRUED APPELLANT'S CIVIL RULE 60(B) MOTION AS A MOTION FOR POST-CONVICTION RELIEF.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED WHEN IT DISMISSED THE APPELLANT'S MOTION ON THE BASIS OF RES JUDICATA AFTER APPELLANT SHOWED HOW DISMISSING HIS MOTION ON THIS BASIS WOULD BE UNJUST AND CAUSE A MANIFEST MISCARRIAGE OF JUSTICE.
This case has been assigned to the court's accelerated calendar.
 I
Appellant, in his first assignment of error, maintains that the trial court erred when it construed appellant's motion to vacate pursuant to Civil Rule 60(B)(3) and (5) as a Motion for Post Conviction Relief pursuant to R.C. 2953.21. As this court recently noted in State v. Haddix:
 "In the case of State v. Reynolds (1997), 79 Ohio St.3d 158, the Ohio Supreme Court set forth standards by which post conviction pleadings are to be reviewed for purposes of R.C. 2953.21.
 The Court held: where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21.
Thus, based on the law contained in Reynolds, we find that the motion appellant filed, pursuant to Civ.R. 60(B)(5), is a petition for post-conviction relief."
State v. Haddix (Nov. 15, 1999), Stark App. No. 1999CA00227, unreported.
As the Montgomery County Court of Appeals explained in State v. Talley:
 "We also agree with the state that [appellant's] motion under Civ.R. 60(B) was barred by 2953.23. Post-conviction relief in Ohio is pursued through quasi-civil proceedings. State v. Nichols (1984), 11 Ohio St.3d 40, 41-42, 463 N.E.2d 375. Normally, a civil litigant is permitted to file a motion under 60(B) after the trial court has rendered judgment. However, were 60(B) motions permitted as a means of seeking post-conviction relief, the intent of the legislature in enacting R.C. 2953.23 would be frustrated, especially in regard to the 1995 amendments that restricted the discretion of trial courts to entertain post-conviction claims. If the statute did not encompass 60(B) motions, criminal defendants could file successive post-conviction petitions merely by restyling them to fit under the civil rule. Thus, we conclude that the Reynolds rule should apply to 60(B) motions. Where a petition is styled as a motion under Civ.R. 60(B) but is, in substance, a postconviction petition under R.C. 2953.21, it should be treated as the latter. See, e.g., State v. Carpenter (Dec. 6, 1996), Jefferson App. No. 96-JE-8, unreported, at 2. State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported, at 3, appeal dismissed (1998), 82 Ohio St.3d 1411."
Since the trial court, therefore, properly addressed appellant's motion to vacate pursuant to Civil Rule 60(B)(3) and (5) as a petition for post-conviction relief, appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends that the trial court erred in denying his motion to vacate on the basis of res judicata. Appellant, specifically argues that the trial court erred in denying his motion since appellant's conviction for possession of cocaine was contrary to the evidence since no cocaine was found on or about appellant's person and the cocaine itself was never found. Thus, appellant asserts that his conviction for possession of cocaine was against the sufficiency of the evidence. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The doctrine of res judicata applies in determining whether postconviction relief should be granted under R.C. 2953.21
et seq. Id. As is stated above, appellant's conviction was affirmed on appeal pursuant to an opinion issued by this court on June 22, 1998. State v. Kirkland (June 22, 1998), Stark App. 1997CA00168, unreported. Since appellant's current claim that his conviction for possession of cocaine was against the sufficiency of the evidence could have been raised on direct appeal, such claim is, therefore, barred by the doctrine of res judicata. The trial court, therefore, did not err in overruling appellant's motion to vacate on res judicata grounds. Appellant's second assignment of error is, therefore, overruled.
The Judgment of the Stark County Court of Common Pleas is affirmed.
By EDWARDS, J. GWIN, P.J. and FARMER, J. concurs.