OPINION
Defendant-appellant, Jeffrey D. Eberle, appeals a decision of the Butler County Court of Common Pleas denying various motions regarding his prior criminal conviction. For the reasons that follow, the appeal is dismissed.
Appellant pled guilty to felonious assault. The trial court sentenced him to six years in prison on October 12, 1998. Appellant did not file a timely appeal from the trial court's judgment entry of conviction and sentencing.[1] On April 5, 1999, appellant filed a pro se petition for postconviction relief in which he alleged ineffective assistance of counsel and a violation of his right against self-incrimination. The trial court dismissed appellant's petition in an entry on August 26, 1999. Again, appellant did not timely file an appeal of the trial court's entry.
Appellant thereafter filed a "Motion to Compel", a "Motion for Discovery" and a motion styled "Rulings/Facts and Conclusions of Law." The trial court denied all of appellants' motions in an entry filed on November 4, 1999. Appellant timely filed a pro se notice of appeal from the entry of the trial court.
On appeal, represented by counsel, appellant raises one assignment of error for review. In his assignment of error, appellant claims that the trial court erred by dismissing his petition for postconviction relief without holding a hearing.
An action for postconviction relief is a civil proceeding and, as such, it is governed by the Ohio Rules of Appellate Procedure as applicable to civil actions. State v. Nichols (1984), 11 Ohio St.3d 40, paragraph two of the syllabus. Accordingly, pursuant to App.R. 4(A), an appeal from the denial of postconviction relief must be filed within thirty days of judgment. See id; State v. Harvey (1980),68 Ohio App.2d 170, 171. A delayed appeal pursuant to App.R. 5(A) is not available for the appeal of postconviction relief. Harvey at paragraph one of the syllabus.
Appellant did not file a timely appeal from the denial of his petition for postconviction relief. Therefore, this court is without jurisdiction to address appellant's assignment of error.
Appellant presents no assignments error relating to the trial court's November 4, 1999 entry denying his various "motions." An appellant's brief must precisely set forth the specific assignments of error for appellate review, including any specific issues for review that relate to each assignment of error. See App.R. 16(A); Loc.R. 11. There is no duty, constitutional or otherwise, requiring this court to independently review the record for prejudicial error in criminal appeal. See State v. Moby
(Nov. 6, 2000), Butler App. No. CA2000-02-021, unreported; State v.Purdon (Nov. 10, 1997), Brown App. No. CA97-03-009, unreported. An appellate court need only pass upon errors assigned and briefed, and the court may disregard errors not specifically raised. Hawley v. Ritley
(1988), 35 Ohio St.3d 157, 159; Hubbard v. Laurelwood Hosp. (1993),85 Ohio App.3d 607, 612.
Since appellant fails to assign and argue any errors pertaining to the appeal taken from the trial court's November 4, 1999 entry, we dismiss the appeal.
Appeal dismissed.
YOUNG and WALSH, JJ., concur.
[1] Pursuant to App.R.5(A), this court recently granted appellant leave to file a delayed appeal of his criminal conviction.