[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Bobby Sheppard, appeals the trial court's May 17, 2000, judgments that overruled his Civ.R. 60(B) motion and denied his motion to recuse. Sheppard's motion to recuse requested that the trial court remove itself from consideration of his Civ.R. 60(B) motion. Sheppard filed both motions on May 5, 2000.
Following a jury trial, the trial court convicted Sheppard of the aggravated murder and aggravated robbery of Dennis Willhide. He was also convicted of the specifications accompanying the charged offenses. The trial court imposed a sentence of death. Sheppard appealed his convictions to this court, asserting twenty-six assignments of error. This court affirmed the convictions,[1] as did the Ohio Supreme Court.[2]
Sheppard filed an initial petition to vacate his convictions under R.C. 2953.21 in the Hamilton County Court of Common Pleas on January 28, 1997. He filed three amended postconviction petitions before the state filed its motion to dismiss his third amended petition. Sheppard filed a fourth amended petition after the state filed its motion to dismiss. On June 10, 1998, the state moved to strike Sheppard's fourth amended petition because he had filed it without leave of court as required under R.C. 2953.21(F). The trial court granted the state's motion to dismiss the third amended petition and its motion to strike the fourth amended petition. This court affirmed the trial court's judgments.[3] The Ohio Supreme Court declined review on August 4, 1999.[4]
In this appeal, Sheppard raises two assignments of error. In his first assignment of error, Sheppard contends that the trial court erred when it overruled his Civ.R. 60(B) motion for relief from the trial court's judgment dismissing his amended postconviction petition. Sheppard contends that he did not have effective representation of appointed counsel for the preparation of his postconviction petition.
A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the criminal judgment.[5] In a postconviction proceeding, the defendant has only those rights granted by the legislature.[6] The Revised Code requires the appointment of properly certified counsel, but does not recognize the ineffectiveness or incompetence of that appointed counsel during postconviction petition proceedings as a ground for relief, when in a proceeding under the postconviction statutes, in an appeal from any such proceedings, or in an application to reopen a direct appeal.[7]
While a postconviction proceeding is civil in nature and generally governed by the Rules of Civil Procedure,[8] it is also a statutory creation and is controlled by the statutory procedural requirements when they conflict with the civil rules.[9] A civil litigant in a postconviction proceeding has no-due process right to effective assistance of counsel, even in a death-penalty case.[10] Permitting a claim of ineffective assistance of postconviction counsel to proceed under Civ.R. 60(B) would conflict with the prohibition of such a claim under the postconviction statutes. Accordingly, Sheppard's first assignment of error is overruled.
In his second assignment of error, Sheppard contends that the trial court violated Canon 3(E) of the Code of Judicial Conduct when it refused to disqualify itself from consideration of the Civ.R. 60(B) motion, which claimed systematic racial and gender discrimination in selection of forepersons for all grand juries that had returned capital indictments in Hamilton County from 1982 through 1998. Sheppard contends that since the Hamilton County Court of Common Pleas regularly chose grand-jury forepersons, the trial court could not fairly rule upon a motion that involved its own conduct, as well as that of other members of the same bench.
While Sheppard urges this court to review the trial court's refusal to recuse itself, this court has no jurisdiction to pass upon a claim of disqualification or to void a judgment on such a basis. Only the Chief Justice of the Ohio Supreme Court, or any member of that court so designated by the Chief Justice, has jurisdiction to determine the disqualification of a member of the common pleas court.[11]
Accordingly, Sheppard's second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
[1] See State v. Sheppard (June 11, 1997), Hamilton App. Nos. C-950402 and C-950744, unreported.
[2] See State v. Sheppard (1998), 84 Ohio St.3d 230, 703 N.E.2d 286.
[3] See State v. Sheppard (Mar. 26, 1999), Hamilton App. No. C-980569, unreported.
[4] See State v. Sheppard (1999), 86 Ohio St.3d 1437,713 N.E.2d 1049.
[5] See State v. Steffen (1994), 70 Ohio St.3d 399, 410, 639 N.E.2d 67,76.
[6] See State v. Calhoun (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905,909; State v. Moore (1994), 99 Ohio App.3d 748, 751, 651 N.E.2d 1319,1321.
[7] See R.C. 2953.21(I)(2).
[8] See State v. Nichols (1984), 11 Ohio St.3d 40, 41-42, 463 N.E.2d 375,377.
[9] See State v. Gipson (Sept. 26, 1997), Hamilton App. No. C-960867 and C-960881, unreported.
[10] See State v. Scudder (1998), 131 Ohio App.3d 470, 474,722 N.E.2d 1054, 1057, stay of execution pending federal habeas review granted (2000), 88 Ohio St.3d 1476, 727 N.E.2d 128.
[11] See R.C. 2701.03; Beer v. Griffith (1978), 54 Ohio St.2d 440,441-442, 377 N.E.2d 775, 776; Kondrat v. Ralph Ingersoll Publishing Co.
(1989), 56 Ohio App.3d 173, 174, 565 N.E.2d 882, 883; Goddard v.Children's Hospital Medical Center (Nov. 3, 2000), Hamilton App. No. C-990408, unreported.