OPINION
{¶ 1} Following jury trial in the Stark County Common Pleas Court, appellant Ronny Lee Black was convicted of one count of grant theft and one count of theft, both in violation of R.C. 2913.02. On July 19, 2001, he was sentenced to seventeen months incarceration on the grand theft conviction, and a consecutive term of eleven months incarceration on the theft conviction.
{¶ 2} Appellant appealed his conviction and sentence to this court. We affirmed. State v. Black, Stark Appellate No. 2001-CA-00251, 2002-Ohio-2864.
{¶ 3} While the appeal was pending in this court, appellant filed a motion for post-conviction relief pursuant to R.C. 2953.21, challenging the credibility of the testimony of witnesses at trial. The court dismissed the petition on April 30, 2002. On October 31, 2002, appellant filed a second petition for post-conviction relief, raising essentially the same evidentiary claim, concerning the credibility of witness Ronald Patterson. The trial court dismissed this petition, making findings of fact and conclusions of law, on November 5, 2002. The trial court concluded that appellant had not established any issue as to any material fact, or any constitutional issues warranting the requested relief. The court concluded that the doctrine of res judicata barred review of appellant's evidentiary claim.
{¶ 4} While appellant does not specifically assign error, as required by the Rules of Appellate Procedure, we accept the assignment of error as extrapolated by the State from the claims raised in appellant's brief:
{¶ 5} "The trial court erred in dismissing the petition for post-conviction relief."
{¶ 6} Appellant argues that the evidence does not support his conviction, and specifically, that the testimony of Ronald Patterson is not credible. However, arguments challenging the sufficiency and weight of the evidence are claims which can be raised on direct appeal, and therefore are res judicata for purposes of collateral proceedings, such as a post-conviction relief proceeding. E.g., State v. Nichols (1984),11 Ohio St.3d 40; State v. Perry (1967), 10 Ohio St.2d 175. The court did not err in dismissing appellant's petition for post-conviction relief, as appellant raised no claims which could not have been raised on direct appeal.
{¶ 7} The assignment of error is overruled.
{¶ 8} The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Wise, J., and Boggins, J., concur.