DECISION
{¶ 1} This matter comes before the court upon a motion for leave to appeal filed by Dennis M. Williams on August 21, 2006. Appellant seeks leave to appeal from the judgment of the Franklin County Court of Common Pleas entered on July 7, 2006 in which the trial court denied his petition for post-conviction relief.
 {¶ 2} Appellant was charged by indictment with 12 counts of violation of the criminal code including attempted murder, aggravated burglary, aggravated robbery, felonious assault and having a weapon while under disability. On November 26, 2002, following a jury trial, appellant was found guilty of the indicted charges.[1] On December 4, 2002, the trial court imposed sentence. Appellant filed a notice of appeal from the judgment of conviction and, on March 26, 2003, the record of proceedings was transmitted to this court. On January 14, 2004, the judgment of conviction was affirmed. State v. Williams,
Franklin App. No. 03AP-04, 2003-Ohio-7160, leave to appeal denied, 104 Ohio St.3d 1424, 2004-Ohio-6585.
 {¶ 3} On April 12, 2005, appellant filed a `Motion for Modification Correction of Sentence' in the trial court followed by a `Motion to Run Sentence Concurrent [sic],' filed on May 15, 2006. The trial court treated both motions as petitions for post-conviction relief pursuant to R.C. 2953.21. Both were denied by decision and entry filed on July 7, 2006. Appellant filed a notice of appeal in the trial court on August 21, 2006 and, simultaneously, a motion for leave to appeal under App.R. 5(A).
 {¶ 4} Although arising from a criminal conviction, a proceeding for post-conviction relief under R.C. 2953.21 is a collateral attack upon the conviction and is civil in nature. E.g., State v. Calhoun (1999), 86 Ohio St.3d 279, 281. In contrast, App.R. 5(A) provides for a delayed appeal from the judgment of conviction in a criminal case. Where leave to appeal is granted pursuant to App.R. 5(A), appellate review of the judgment of conviction occurs in the same manner as when a timely appeal has been taken pursuant to App.R. 4(A).
 {¶ 5} Because post-conviction proceedings are civil in nature, App.R. 5(A) may not be used to seek leave from the denial of a post-conviction action where the time for an appeal as of right as provided in App.R. 4 has passed. State v. Nichols
(1984), 11 Ohio St.3d 40. Accordingly, appellant cannot rely upon App.R. 5(A) to appeal from the denial of his petition for post-conviction relief. However, while App.R. 5(A) is not available to cure appellant's failure to file his notice of appeal within 30 days of the July 7, 2006 judgment, appellant is not without remedy under the circumstances of this case.
 {¶ 6} Because proceedings for post-conviction relief are civil in nature, App.R. 4(A) controls an appeal from the denial of a petition filed under R.C. 2953.21. That rule provides as follows:
Appeal as of right — when taken
 Time for appeal. A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
Civ.R. 58(B) governs the entry of judgment in a civil case:
Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to service notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A).
Therefore, the filing of a notice of appeal from the denial of a petition for post-conviction relief under R.C. 2953.21 must be made within 30 days of the entry of judgment where there is compliance with Civ.R. 58(B), or within 30 days of service of notice of the judgment and its entry if service is not made within the three day period of Civ.R. 58(B).
 {¶ 7} In this case, it appears that the trial court did not direct the clerk to serve, nor did the clerk serve, notice of the judgment upon the parties as required by Civ.R. 58(B). Consequently, the time for filing the notice of appeal was tolled pursuant to App.R. 4(A) until the clerk served the notice of judgment upon appellant. Because the clerk did not serve a copy of the judgment on appellant in the manner prescribed in Civ.R. 5(B), appellant's notice of appeal filed in the trial court on August 21, 2005 was timely.
 {¶ 8} Appellant's motion for leave to appeal is denied. However, because a timely notice of appeal was filed, this appeal shall proceed as an appeal as of right from the denial of the petition for post-conviction relief.
Motion for leave to appeal denied.
 Appeal to proceed upon the merits.
Klatt, P.J., and McGrath, J., concur.
[1] It appears that the count charging weapon under disability was tried to the court.