[Cite as *State v. Coffman*, 2014-Ohio-4028.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

     Plaintiff-Appellee,                 :

v.                                         :          No. 14AP-646
                                                   (C.P.C. No. 90CR-987)
William Coffman,                            :
                                                   (REGULAR CALENDAR)
     Defendant-Appellant.                :

D E C I S I O N

Rendered on September 16, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*William Coffman*, pro se.

ON MOTION FOR DELAYED APPEAL

TYACK, J.

{¶ 1} William Coffman is pursuing a motion for leave to file a delayed appeal. The State of Ohio has filed a memorandum contra to the motion.

{¶ 2} In 1990, Coffman was sentenced to a term of 8 to 25 years of incarceration following his plea of guilty to aggravated robbery. Almost 13 years later, he filed a motion requesting that his sentence be vacated on a theory he was actually guilty of robbery, not aggravated robbery. The trial court overruled the motion to vacate the sentence in December 2013.

{¶ 3} Coffman did not file a timely appeal, but instead filed his motion now before us some eight months after his time for a direct appeal had run. He claims, in essence, that the prison system received the trial court's ruling and failed to convey it to him or that the trial court never forwarded the ruling at all.

{¶ 4}    A motion seeking to vacate a sentence, especially a sentence handed down following a guilty plea, is uniformly considered a form of petition for post-conviction relief.  The Supreme Court of Ohio has told us in *State v. Nichols*, 11 Ohio St.3d 40, that we cannot grant motions for delayed appeal on rulings on petitions for post-conviction relief.

{¶ 5}    Further, we cannot verify Coffman's claim that the trial court's ruling was not forwarded to him.  His claims in the memorandum in support of his motion that he received only two letters, both dated December 2014, is obviously impossible.  He acknowledges that a family member told him the trial court had ruled months ago.

{¶ 6}    Perhaps most significantly, Coffman's trial court motion had no conceivable merit.  As a petition for post-conviction relief, it was horribly late.  Construed as a motion to set aside his guilty plea, he had no possibility of demonstrating a manifest injustice as required by Crim.R. 32.1 for a guilty plea to be set aside.

{¶ 7}    As a result, we deny the motion seeking leave to pursue a delayed appeal.

*Motion for delayed appeal denied.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

————————————