[Cite as *State v. Krug*, 2024-Ohio-2603.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

      - vs -

JON P. KRUG,

      Defendant-Appellant.

**CASE NO. 2024-L-040**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2008 CR 000008

---

**M E M O R A N D U M
O P I N I O N**

Decided: July 8, 2024
Judgment: Appeal dismissed

---

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Jon P. Krug*, pro se, PID# A544-929, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44901 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}    On June 11, 2024, appellant, Jon P. Krug, filed a pro se notice of appeal from the trial court's May 7, 2024 judgment entry treating appellant's pro se motions as petitions for postconviction relief and denying them as untimely without a hearing.

{¶2}    App.R. 4(A)(1) states that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶3} Furthermore, postconviction proceedings are considered civil in nature. *State v. Nichols*, 11 Ohio St.3d 40, 40-42 (1984); *see also State v. Jones*, 2021-Ohio-1696, ¶ 6 (11th Dist.).

{¶4} App.R. 4(A)(3) states, in relevant part:

{¶5} "In a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service."

{¶6} Here, there is a notation on the docket reflecting the clerk mailed a copy of the May 7, 2024 entry to appellant on May 8, 2024, which is within the three-day period prescribed in Civ.R. 58(B). Therefore, a timely notice of appeal from the May 7, 2024 entry was due no later than June 6, 2024, which was not a holiday or weekend. The appeal is untimely by five days. The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶7} Accordingly, this appeal is dismissed, sua sponte, as untimely.


MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

2

Case No. 2024-L-040