**[Cite as *State v. Hoffman*, 2024-Ohio-3372.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-T-0058** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| COREY D. HOFFMAN, | Trial Court No. 2021 CR 00911 |
| Defendant-Appellant. | |

## **M E M O R A N D U M**
## **O P I N I O N**

Decided: September 3, 2024
Judgment: Appeal dismissed

*Dennis Watkins*, Trumbull County Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*John B. Juhasz*, 7081 West Boulevard, Suite 4, Youngstown, OH 44512 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} On July 26, 2024, appellant, Corey D. Hoffman, through counsel, filed a notice of appeal from the trial court's June 24, 2024 judgment entry dismissing appellant's petition for postconviction relief.

{¶2} App.R. 4(A)(1) states that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶3} Furthermore, postconviction proceedings are considered civil in nature. *State v. Nichols*, 11 Ohio St.3d 40, 40-42 (1984); *see also State v. Jones*, 2021-Ohio-1696, ¶ 6 (11th Dist.).

{¶4} App.R. 4(A)(3) states, in relevant part:

{¶5} "In a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service."

{¶6} Here, there is a notation on the docket reflecting the clerk mailed a copy of the June 24, 2024 entry to appellant, care of counsel, on June 24, 2024, which is within the three-day period prescribed in Civ.R. 58(B). Therefore, a timely notice of appeal from the June 24, 2024 entry was due no later than July 24, 2024, which was not a holiday or weekend. The appeal is untimely by two days. The time requirement for filing a notice of appeal is jurisdictional in nature and may not be enlarged by an appellate court. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶7} Accordingly, this appeal is dismissed, sua sponte, as untimely.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

2

Case No. 2024-T-0058