THE STATE OF OHIO, APPELLEE, *v.* JULIANO, APPELLANT.

[Cite as State v. Juliano (1970), 24 Ohio St. 2d 117.]

(No. 69-574—Decided December 9, 1970.)

118

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Harvey R. Monck,* for appellee.

*Mrs. Carol G. Emerling* and *Mr. William T. Wuliger,* for appellant.

*Per Curiam.* The brief filed in this court by appellant's appointed counsel sets forth the following propositions of law:

(1) The Sixth Amendment to the United States Constitution prohibits the admission in evidence of a written statement of a witness, said statement having been given to the state out of the presence of an accused and out of the presence of counsel for the accused.

(2) It is error to admit in evidence an unsigned statement of a witness which is repudiated by that witness.

(3) The admission of a statement of a witness in evidence in the form of an exhibit, the purpose of which is to impeach that witness, is improper.

(4) It is reversible error for a trial court to admit as substantive evidence a statement which was used for impeachment purposes only.

(5) It is improper for a trial court to allow the state in a criminal case to cross-examine a defendant regarding that defendant's prior conviction on a misdemeanor charge.

(6) The incarceration of a criminal defendant for a period in excess of five years for the offense of stealing less than a dollar, said theft being accomplished without the aid of a weapon, and said defendant having no previous felony conviction, is violative of the Eighth Amendment to the United States Constitution.

The first five propositions set forth above are not amenable to consideration in postconviction proceedings under R. C. 2953.21 *et seq.* The appellant did not appeal as of right from the judgment of conviction. Each of the matters set forth and argued herein could have been raised at trial or on an appeal as of right. Since they were not, they are *res judicata* and barred from review. Appellant does not demonstrate that he was unable to raise any of those issues at trial or on direct appeal. *State* v. *Perry* (1967), 10 Ohio St. 2d 175.

His attempt to raise these matters by moving the Court of Appeals for leave to perfect a delayed appeal was ineffective since the motion was overruled and no appeal was taken therefrom.

Not mentioned in appellant's postconviction petition, but raised for the first time in this court, is the question of the constitutionality of defendant's sentence and present confinement in the Ohio Penitentiary. He argues that confinement for more than five years for "stealing less than a dollar" is in contravention of the Eighth Amendment to the United States Constitution. R. C. 2901.12, under which appellant was indicted, defines robbery as stealing "anything of value by force or violence, or by putting in fear," and rather than having been convicted for "stealing," appellant was found guilty of unarmed robbery under R. C. 2901.12 which provides for imprisonment of not less than one nor more than 25 years.

Although appellant's sentence is indeterminate, the limits are definite. Constitutionality of the sentence could have been raised at the time of its imposition, or on direct

appeal; therefore, that question is barred from consideration under R. C. 2953.21 *et seq.* Furthermore, the general rule adopted by this court in *McDougle* v. *Maxwell, Warden* (1964), 1 Ohio St. 2d 68, is that if a sentence falls within the terms of a valid statute, it will not amount to a "cruel and unusual punishment."

In his brief accompanying his motion for leave to appeal to this court, filed by appellant *pro se,* he claimed denial of a fair trial because of inadequacy of his trial counsel which is tantamount to a denial of his right to counsel in contradiction of Section 10, Article I of the Ohio Constitution. Of the number of questions raised in his motion, only that constitutional question can survive the *res judicata* limitation of review under R. C. 2953.21 *et seq. State* v. *Perry, supra.* See *Dayton* v. *Hill* (1970), 21 Ohio St. 2d 125. Notwithstanding that reality, appointed counsel neither briefed nor argued that question in this court.

Although, under R. C. 2505.21, this court may disregard errors not specifically pointed out in the record and separately argued, it *may,* in appropriate instances, consider errors of record which were not argued. Inasmuch as appellant in his own behalf, by brief, has presented that constitutional question in this court and in the courts below, we will consider that question.

In the postconviction proceeding, the trial court found that "the petitioner [appellant] was fully and fairly represented by his assigned counsel." The judgment of that court dismissing the petition, having been affirmed by the Court of Appeals, our review of the record provides no basis for a conclusion that such judgment was erroneous. For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, KRENZLER, STERN and LEACH, JJ., concur.

KRENZLER, J., of the Eighth Appellate District, sitting for CORRIGAN, J.