810 F.2d 200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry BUSH, Petitioner-Appellant,
v.
E.P. PERINI, Respondent-Appellee.
 No. 85-3585.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Bush, petitioner in this habeas case, pled guilty[1] to one count of forgery as defined in section 2913.31 of the Ohio Revised Code (Code), one count of uttering as defined in section 2913.31 of the Code,[2] and one count of grand theft by deception as defined in section 2913.02 of the Code[3] for conduct arising out of the same transaction. The trial court sentenced petitioner to consecutive terms of two years to five years' imprisonment for each count. After remand from the Ohio Court of Appeals,[4] the trial court reinstated the original sentence. The Ohio Court of Appeals affirmed.
 
 
 2
 In his petition for habeas corpus, petitioner contended that the offenses of uttering a check for the purpose to defraud and grand theft by deception constitute allied offenses of similar import under Ohio law. According to petitioner, because Ohio law provides that both acts constitute only one offense, the conviction and imposition of consecutive sentences violated his right not to be subject to multiple punishment guaranteed by the double jeopardy clause of the United States Constitution. The District Court denied the writ and we affirm.
 
 
 3
 The District Court found no violation of the double jeopardy test enunciated in Blockburger v. United States, 284 U.S. 299 (1932). According to the District Court, although in this case theft was achieved by deception, a prima facie case of grand theft does not have to be established by the use of deception, but can be established by depriving the owner of property or services without consent or by threat. Thus, the Court concluded that the crimes contain different elements and are dissimilar offenses. The District Court also held that a consideration of the state law allied offense issue was not relevant to the determination of the double jeopardy claim.
 
 
 4
 On appeal, petitioner, relying on Ohio v. Johnson, 467 U.S. 493 (1984), contends that the District Court erroneously concluded that Ohio law is not dispositive of his double jeopardy claim. Additionally, he contends that he could not complete the offense of theft by deception without uttering the forged instrument: the forged instrument was the deception that constituted an element of theft by deception. Therefore, according to petitioner, the uttering and the grand theft offenses constitute allied offenses of similar import under Ohio Rev.Code Ann. § 2941.25 (Page 1982),[5] and the imposition of consecutive sentences for these offenses violates his double jeopardy rights. The state contends that petitioner has committed a procedural default by not raising his double jeopardy claim on direct appeal[6] and that his habeas petition must be denied because he failed to show cause and prejudice for this procedural default.[7] Alternatively, the state contends that the District Court correctly concluded that consecutive sentences for both offenses did not violate petitioner's double jeopardy rights because the crimes contain different elements, and that the offenses are not allied offenses of similar import under Ohio law.
 
 
 5
 The Supreme Court has stated that simply because two statutes may be construed to proscribe the same conduct under Blockburger does not mean that the double jeopardy clause prevents the imposition, in a single trial, of consecutive sentences. Missouri v. Hunter, 459 U.S. 359, 368 (1983). The Blockburger test is not controlling where there is a clear legislative intent to impose multiple punishment. Albernaz v. United States, 450 U.S. 333, 340 (1981). The Ohio Court of Appeals in the present case concluded that forgery, uttering, and grand theft are separate and distinct offenses and are not allied offenses of similar import under section 2941.25. Thus, even if the imposition of consecutive sentences for uttering and grand theft violated the Blockburger test as interpreted in Illinois v. Vitale, 447 U.S. 410 (1980), the Ohio court has concluded that the Ohio legislature intended to permit multiple punishment for these offenses. As this Court noted in Long v. Smith, 663 F.2d 18, 22-23 (6th Cir.1981), cert. denied, 455 U.S. 1024 (1982), in a habeas proceeding it is not the province of a federal appellate court to review the decision of a state court on a matter of state law. Accordingly, the imposition of consecutive sentences for uttering and grand theft by deception does not violate petitioner's double jeopardy rights.[8]
 
 
 6
 Therefore, the decision of the District Court is affirmed.
 
 
 
 [1]
 The challenged counts of petitioner's grand jury indictment are as follows:
 [On July 9, 1981 the defendant] ... unlawfully and purposely and did with purpose to defraud or knowing that he was facilitating a fraud on Commmunication [sic] Warehouse, utter or possess with purpose to utter, a writing, to wit: check, which Terry Bush knew to be forged
 [On July 9, 1981 the defendant] ... unlawfully and knowingly and by deception obtained or exerted control over a radio scanner with the purpose to deprive the owner, Communication Warehouse, of said property or services. The value of said property or services being One Hundred Fifty Dollars ($150.00) or more.
 See Joint Appendix at 53.
 
 
 [2]
 The uttering provision of the forgery statute provides in pertinent part:
 (A) No person, with purpose to defraud, or knowing that he is facilitating a fraud, shall do any of the following:
 ...
 (3) Utter, or possess with purpose to utter, any writing which he knows to have been forged.
 Ohio Rev.Code Ann. § 2913.31 (Page 1982).
 
 
 [3]
 The grand theft statute provides:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
 (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
 (3) By deception;
 (4) By threat.
 Id. § 2913.02 (Page Supp.1985).
 
 
 [4]
 The court of appeals vacated the sentences and remanded the case for a determination of petitioner's eligibility for conditional probation. The trial court determined that petitioner was ineligible for conditional probation
 
 
 [5]
 Section 2941.25(A) provides:
 Where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 Ohio Rev.Code Ann. § 2941.25(A) (Page 1982).
 
 
 [6]
 Although petitioner contended before the state court that the uttering and grand theft offenses were allied offenses of similar import, and conviction and consecutive sentences for both offenses violated Ohio law, he failed to raise double jeopardy as a federal constitutional violation. Because Ohio law would prohibit collateral review of petitioner's conviction on double jeopardy grounds, see State v. Juliano, 24 Ohio St.2d 117, 265 N.E.2d 290 (Ohio 1970), he has exhausted his state law remedies with respect to his multiple punishment claim. See Leroy v. Marshall, 757 F.2d 94 (6th Cir.), cert. denied, 106 S.Ct. 99 (1985)
 
 
 [7]
 The state did not present this argument before the District Court
 
 
 [8]
 Thus, we do not reach the issue of whether petitioner's writ should be dismissed because he failed to show cause and prejudice to overcome the procedural bar imposed by Ohio law