DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment that denied a petition for postconviction relief filed by Harry D. Houser, defendant below and appellant herein. The following errors are assigned for review:
First assignment of error:
"The trial court erred to the prejudice of defendant-appellant as he was denied his right to effective assistance of counsel, secured to him by the sixth amendment to the constitution of the United States."
Second assignment of error:
"The trial court erred to the prejudice of defendant-appellant as his plea was induced by threats which deprive it of the character of a voluntary act."
 {¶ 2} Appellant once practiced as an insurance agent. Over a two year period, appellant defrauded his customers of hundreds of thousands of dollars. On October 15, 2001, a Bill of Information was filed in the trial court that charged him with engaging in a pattern of corrupt activity in violation of R.C. 2923.32.
 {¶ 3} Appellant agreed to plead guilty to the charge in exchange for the prosecution not pursuing other charges and not seeking the forfeiture of his property.[1] The trial court accepted appellant's guilty plea and, on December 11, 2001, sentenced him to a definite term of five years imprisonment and ordered him to make restitution to his victims.[2]
 {¶ 4} Since his conviction, appellant has initiated numerous pro se proceedings in the trial court. The case sub judice comes to us by way of a petition for postconviction relief which appellant filed on May 8, 2002. Appellant argued that his conviction should be set aside because, inter alia, he received ineffective assistance of counsel at "each critical stage" of the prosecution and that his guilty plea was induced by promises that he would receive less than five years imprisonment. In support of his petition, appellant submitted his own affidavit as well as an affidavit from Connie Houser, his wife. Each affidavit stated that they were advised that appellant would only "receive six months in Washington County Jail, with possibility of probation . . ." Ms. Houser also attested that their attorney informed them "it would not do any good to file an appeal."
 {¶ 5} On February 5, 2003, the trial court filed a lengthy and detailed decision that thoroughly reviewed the various filings and allegations. Ultimately, the court concluded that appellant had not demonstrated a substantial basis for post-conviction relief. This appeal followed.
 I {¶ 6} Before we address the specifics of appellant's assignments of error, we note that the gist of the arguments in his brief all go to what he perceives as error in his original prosecution. We note, however, that the instant case is not an appeal of his conviction. Rather, this matter is an appeal of the trial court's ruling on appellant's petition for post-conviction relief. While alleged errors in the original proceeding are relevant to that issue, they should be argued in the context of the trial court's ruling on appellant's petition rather than as if the alleged errors were before us on a first appeal as of right. Otherwise, there is no basis for reversing the judgment below. See State v. Ashley
(Jun. 14, 2000), Ross App. No. 99CA2514.
 {¶ 7} We also note that appellant's failure to appeal his original conviction bars him from raising the issues he seeks to raise herein. The Ohio Supreme Court has held on numerous occasions that the legal doctrine of res judicata applies when determining whether postconviction relief is warranted under R.C. 2953.21. See e.g. State v. Szefcyk (1996),77 Ohio St.3d 93, 671 N.E.2d 233, at the syllabus; State v. Nichols
(1984), 11 Ohio St.3d 40, 42, 463 N.E.2d 375; State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph eight of the syllabus. This means that a petitioner cannot raise, for purposes of postconviction relief, any error which was raised or could have been raised on direct appeal. See State v. Reynolds (1997), 79 Ohio St.3d 158, 161,679 N.E.2d 1131; State v. Lentz (1990), 70 Ohio St.3d 527, 529,639 N.E.2d 784; State v. Juliano (1970), 24 Ohio St.2d 117, 119,265 N.E.2d 290. If a petitioner fails to bring a first appeal as of right, he cannot raise (in a petition for postconviction relief) those issues which should have been raised in that appeal. See e.g. State v.Evans (Mar. 26, 2002), Adams App. No. 01CA715.
 {¶ 8} Appellant asserts in his assignments of error that he received ineffective assistance from trial counsel. This is an issue that could have been, and should have been, raised in a first appeal of right. Because appellant did not appeal his original conviction, the doctrine of res judicata bars him from raising these issues in a petition for postconviction relief at this late date.
 {¶ 9} Assuming appellant's claims are not barred by res judicata, we nevertheless find no merit in either of his two assignments of error. Appellant argues in his first assignment of error that he received ineffective assistance from counsel. In particular, he claims trial counsel lied to him and assured him he would receive a six month prison sentence rather than the five year sentence. We are not persuaded.
 {¶ 10} To begin, appellant offers no evidence to substantiate his claim other than his affidavit and his wife's affidavit. It is well-settled law that courts may weigh the credibility of affidavits submitted in support of petitions for postconviction relief. See Statev. Moore (1994), 99 Ohio App.3d 748, 751-752, 651 N.E.2d 1319; also seeState v. Peeples (Nov. 4, 1997), Pickaway App. No. 97CA16; State v. Sabo
(Nov. 14, 1996), Athens App. No. 95CA1701; State v. Crase (Aug. 21, 1996), Adams App. No. 95CA603. Thus, appellant's self-serving affidavits can be disregarded and we find no other evidence to support his claim.
 {¶ 11} We further note that in the journal entry accepting his plea, the trial court acknowledged informing appellant that he could receive a maximum prison term of eight years. Moreover, the court recited the underlying basis for the plea agreement, in which the prosecution would recommend that he be "sentenced to less than five (5) years in prison" but, otherwise, there was "no agreement as to sentencing." This belies appellant's claims that he was promised a six month prison term. The entry further provides that appellant advised the court that his guilty plea was made without "any other promise or inducement." Appellant submits nothing, other than the aforementioned self-serving affidavits, to refute the information contained in the sentencing entry. Thus, we agree with the trial court that appellant did not show a substantive basis for relief.
 {¶ 12} In his second assignment of error, appellant claims that he pled guilty because of a prosecution threat that if he did not plead guilty, the prosecution would pursue criminal charges against his wife. Again, we are not persuaded.
 {¶ 13} First, after our review of appellant's petition for postconviction relief, it is not clear that appellant properly raised this argument at the trial court level and we should not consider it for the first time on appeal. Second, even if appellant properly raised the issue, appellant has submitted no evidentiary material to substantiate this claim. We also note that the November 14, 2001 judgment entry reflects that appellant agreed to the change of plea of his "own free will and accord." Without some evidence to the contrary, in a form other than appellant's and his wife's self-serving affidavits, we will presume that this was the case.
 {¶ 14} For all these reasons, we find no merit in the assignments of error. Accordingly, we hereby overrule the assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Evans, P.J.: Concurs in Judgment Opinion.
Harsha, J.: Concurs in Judgment Only with Opinion.
[1] Appellant consented to the placement of liens on his property (for purposes of restitution). The prosecution agreed that it would not foreclose on those liens. A certificate of judgment was filed against appellant in the amount of $492,803.65.
[2] Appellant did not appeal his original conviction. On June 28, 2002, appellant sought to file a delayed appeal. We denied his motion on the grounds that he had not shown sufficient cause for filing a delayed appeal given that the sentencing entry clearly and unequivocally informed him of his appeal rights and that he had simply chosen not to exercise them in a timely fashion. See State v. Houser (Jul. 19, 2002), Washington App. No. 02CA35.