DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Meigs County Common Pleas Court judgment that denied a "Motion to Vacate Unconstitutional Sentence" filed by Jerry Franklin, Jr., defendant below and appellant herein. Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DISMISSED HIS MOTION TO VACATE HIS UNCONSTITUTIONAL SENTENCE THAT WAS CONTRARY TO LAW AND STATUTE VIOLATING HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
SECOND ASSIGNMENT OF ERROR:
"THE RECORD IS DEVOID OF EVIDENCE SUPPORTING THE TRIAL COURT'S IMPOSITION OF MORE THAN THE MAXIMUM SENTENCE ALLOWED BY LAW."
THIRD ASSIGNMENT OF ERROR:
"MR. FRANKLIN'S SENTENCE VIOLATES THE EIGHTH [sic] ANDFOURTEENTH AMENDMENT[S] TO THE UNITED STATES CONSTITUTION, ALONG WITH ARTICLE I, SECTIONS 9 AND 10 OF THE OHIO CONSTITUTION AND O.R.C. § 2929.11(B)."
FOURTH ASSIGNMENT OF ERROR:
"MR. FRANKLIN'S SENTENCE VIOLATES THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE IT IS BASED UPON FACTS WHICH WERE NEITHER ADMITTED BY HIM NOR PROVEN TO A JURY BEYOND A REASONABLE DOUBT."
 {¶ 2} On March 9, 2004, appellant was charged with attempted assembly/possession of chemicals for the manufacture of drugs in violation of R.C. 2923.02(A) and R.C. 2925.041(A). The parties agreed that in exchange for appellant's guilty plea to the offense and an eighteen month prison sentence the prosecution would not oppose a motion for judicial release after thirty days and would recommend that he be placed in the Southeastern Probation Treatment Alternative ("SEPTA") if release was granted.[1]
 {¶ 3} At sentencing appellant was ordered to serve eighteen months in prison. No appeal was taken from that judgment.[2] Subsequently, appellant filed numerous motions for judicial release and the trial court denied each request.[3]
 {¶ 4} Appellant commenced the instant case on June 25, 2005 by filing a pro se "motion to vacate unconstitutional sentence that is contrary to law." The gist of the motion is that the trial court's sentence is unlawful. Appellant asserted that although the court made the statutory findings necessary to impose such a sentence, no evidence in the record supported those findings. The prosecution filed a memorandum contra and argued that the motion was, essentially, a petition for postconviction relief under R.C. 2953.21. Consequently, because appellant neither filed the petition in a timely manner nor gave an explanation why it could not have been filed in a timely manner, the trial court had no jurisdiction to consider it. The trial court agreed and denied the motion for lack of jurisdiction and because the issues raised therein were barred by res judicata. This appeal followed.
 I {¶ 5} Appellant's first assignment of error asserts that the trial court erred by denying his "motion to vacate unconstitutional sentence." We disagree.
 {¶ 6} Although appellant did not style his motion as an application for postconviction relief, the trial court correctly noted that any motion seeking to vacate a sentence on grounds that constitutional rights were violated is considered to be a petition for postconviction relief. See State v. Reynolds
(1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, at the syllabus. Therefore, appellant's "motion" is controlled by R.C. 2953.21. Thus, appellant's petition had to be filed no later than one hundred eighty days after the expiration of the time for filing an appeal. Id. at (A)(2). The trial court filed its sentencing entry on October 13, 2004. The deadline for filing an appeal expired on November 12th of that year. Appellant then had until May 11, 2005 to file his petition. His motion to "vacate unconstitutional sentence" was filed, however, on June 15, 2005.
 {¶ 7} A trial court may not consider a petition for postconviction filed after the statutory deadline unless both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . . R.C. 2953.23(A)(1).
 {¶ 8} Appellant did not attempt to satisfy these criteria and, after our review of the record and appellant's arguments, we do not believe that he could have shown them. Appellant claimed in his "motion to vacate unconstitutional sentence" that the record was devoid of evidence to support the trial court's imposition of a maximum sentence. The absence of such evidence, however, would have been as obvious prior to the postconviction deadline's expiration as it was after the deadline's expiration. Moreover, to the extent that appellant claims that the United States Supreme Court created a "new right" in Blakely v.Washington (2004), 542 U.S. 296, 159 L.Ed.2d 403,124 S.Ct. 2531, we note that the case was decided on June 24, 2004, more than four months before appellant was sentenced.
 {¶ 9} For these reasons, we conclude that the trial court correctly determined that the "motion to vacate unconstitutional sentence" was untimely and could not be considered.
 {¶ 10} Assuming, however, that appellant's motion had been timely, we note that the trial court would have been barred from considering it under the doctrine of res judicata. The Ohio Supreme Court has held that the doctrine of res judicata applies when determining whether postconviction relief is warranted under R.C. 2953.21. See e.g. State v. Szefcyk (1996),77 Ohio St.3d 93, 671 N.E.2d 233, at the syllabus; State v. Nichols (1984),11 Ohio St.3d 40, 42, 463 N.E.2d 375; State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph eight of the syllabus. In other words, a petitioner cannot raise, for purposes of postconviction relief, any error which was raised or could have been raised on direct appeal. See State v. Reynolds
(1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131; State v. Lentz
(1990), 70 Ohio St.3d 527, 529, 639 N.E.2d 784; State v.Juliano (1970), 24 Ohio St.2d 117, 119, 265 N.E.2d 290. If a petitioner fails to bring a first appeal as of right, he cannot raise in a postconviction relief petition issues that should have been raised in that appeal. See State v. Houser, Washington App. No. 03CA7, 2003-Ohio-6461, at ¶ 7; State v. Evans (Mar. 26, 2002), Adams App. No. 01CA715.
 {¶ 11} The issues appellant attempted to raise in his motion to "vacate unconstitutional sentence" could have, and should have, been raised on direct appeal. Appellant did not file an appeal from his original conviction and he is now barred by res judicata from raising them at this date.
 {¶ 12} Thus, because the motion to "vacate unconstitutional sentence" was out of rule, and the trial court could not consider it, and because appellant's claims were barred from consideration by res judicata, we find no error in the denial of his "motion" (petition).
 {¶ 13} Accordingly, we hereby overrule appellant's first assignment of error.
 II {¶ 14} Appellant's remaining assignments of error involve the merits of the arguments he raised in his motion. In light of the fact that we have determined that his motion was correctly overruled for procedural reasons, these assignments of error are moot and can be disregarded pursuant to App.R.12(A)(1)(c). In so doing, however, we make two parenthetical observations. First, insofar as appellant's argument that the record is devoid of evidence to support the trial court's factual findings for imposing a maximum sentence, we note that this sentence was part of a plea agreement and that appellant agreed to the sentence. Thus, it is not reviewable on appeal. See R.C.2953.08(D).[4] Furthermore, the October 3, 2004 sentencing entry specifies as follows:
The Court finds that the Defendant stipulates and agrees that there is a factual basis for the Court to find that the maximum sentence is required, and specifically, the Defendant stipulates and agrees that the offense was more serious, that recidivism is more likely; that the Defendant has demonstrated a pattern of alcohol/substance abuse related to the offense . . . and that the shortest term would demean the seriousness of the offense and not adequately protect the public and that the Defendant committed the worst form of the offense.
 {¶ 15} In short, no need existed for evidence to support the trial court's findings because appellant stipulated to the existence of such evidence. See State v. Porterfield,106 Ohio St.3d 5, 829 N.E.2d 690, 2005-Ohio-3095, at paragraph three of the syllabus ("One a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence."). Appellant does not dispute that he entered into this stipulation, nor does the record indicate that he did not.
 {¶ 16} Insofar as appellant's argument that the imposition of the maximum sentence violated recent United States Supreme Court decisions in Blakely, supra, and United States v. Booker
(2005), 542 U.S. ___, 160 L.Ed.2d 621, 125 S.Ct. 738, we note out that both cases are inapposite to the cause sub judice because, as mentioned above, appellant admitted or stipulated to the facts used as support for the sentence. Moreover, even if Blakely andBooker were factually consistent with the case sub judice, this Court has consistently held that those rulings do not apply to Ohio's felony sentencing statutes. See State v. Scheer,158 Ohio App.3d 432, 816 N.E.2d 602, 2004-Ohio-4792, at ¶ 15; also see State v. Clagg, Washington App. No. 04CA30, 2005-Ohio-4992, at ¶ 2; State v. Morris, Highland App. No. 04CA20,2005-Ohio-2980, at ¶ 9.
 {¶ 17} In short, even if appellant's remaining assignments of error were not rendered moot by our decision on his first assignment of error, we would still find them to be without merit.
 {¶ 18} For these reasons, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion.
[1] The plea agreement also provided that appellant would be released on his own recognizance pending sentencing. He failed to appear at the subsequent sentencing hearing, however, and a bench warrant was issued for his arrest. Appellant was later charged with failure to appear after release on recognizance in violation of R.C. 2937.29. He pled guilty to the offense and was sentenced to five years of community control to be served after completion of his sentence in the instant case.
[2] Appellant later filed an App.R. 5(A) application for delayed appeal. This Court overruled appellant's application on May 16, 2005, on grounds he had not set out sufficient reason to excuse his failure to file a timely App.R. 4 notice of appeal.
[3] Although the prosecution agreed, as part of the plea agreement to not oppose a motion for judicial release after thirty days, the prosecution explained in its various memoranda contra that it no longer felt bound by that agreement in light of appellant's failure to appear after his release on recognizance. The prosecution also argued that in exchange for agreeing to community control for appellant's R.C. 2937.29 violation, appellant agreed to serve the entire eighteen month prison term in this case.
[4] R.C. 2953.08(D) states that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." A sentence is "authorized by law," for purposes of this statute, so long as it does not exceed the maximum term prescribed by statute for that offense. See Statev. Price, Franklin App. No. 03AP-459, 2004-Ohio-1223, at ¶ 11;State v. Harris (Dec. 31, 2001), Franklin App. No. 01AP-340. In this case, appellant was convicted of a fourth degree felony — the maximum penalty for which is the eighteen months he received. See R.C. 2929.14(A)(4).