DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Meigs County Common Pleas Court judgment that denied a petition for postconviction relief. Eric A. Qualls, defendant below and appellant herein, assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "MINIMUM SENTENCES ARE REQUIRED FOR FIRST TIME OFFENDER'S [sic] WHEN THE MITIGATING FACTS WERE [NOT] FOUND BY A JURY, OR ADMITTED BY THE DEFENDANT."
 SECOND ASSIGNMENT OF ERROR: *Page 2 
 "CONCURRENT SENTENCES ARE REQUIRED WHEN THE MITIGATING FACTS WERE [NOT] FOUND BY A JURY OR ADMITTED BY THE DEFENDANT."
 {¶ 2} In 2002, appellant was convicted of aggravated murder (with a firearm specification) and kidnaping. The trial court sentenced appellant to serve an aggregate term of thirty-three years to life in prison. Appellant did not appeal his conviction.
 {¶ 3} On June 26, 2006, appellant filed the instant petition for postconviction relief on grounds that he is entitled to re-sentencing under State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. Appellee denied that appellant is entitled to any such relief and requested summary judgment.[1] On July 12, 2006, the trial court granted summary judgment because (1) the petition was untimely and (2) appellant was not entitled to relief under Foster. This appeal followed.
 {¶ 4} At the outset we note that appellant's assignments of error raise issues that could have been raised on direct appeal. Generally, a petitioner cannot raise, for purposes of postconviction relief, any error that could have been raised on direct appeal. See State v.Reynolds (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131; State v.Lentz (1990), 70 Ohio St.3d 527, 529, 639 N.E.2d 784; State v.Juliano (1970), 24 Ohio St.2d 117, 119, 265 N.E.2d 290. In other words, if a petitioner fails to *Page 3 
bring an appeal as of right, he cannot raise in a petition for postconviction relief those issues which should have been raised in that appeal. See State v. Franklin, Meigs App. No. 05CA9, 2006-Ohio-1198, at ¶ 10; State v. Houser, Washington App. No. 03CA7, 2003-Ohio-6461, at ¶ 7; State v. Evans (Mar. 26, 2002), Adams App. No. 01CA715.
 {¶ 5} Appellant did not appeal his 2002 conviction and sentence. Thus, even assuming arguendo that errors exist with his sentence, those matters are now res judicata and neither the trial court nor this court may consider them. Moreover, with regard to appellant's substantive claim that he is entitled to relief under Foster, we readily agree with the trial court's conclusion.
 {¶ 6} R.C. 2953.21.(A)(2) requires a postconviction relief petition to be filed within one hundred eighty days after the expiration of the time for filing an appeal. Here, appellant's conviction occurred in 2002. Thus, appellant's petition was filed beyond the deadline. Trial courts may not consider a postconviction relief petition filed after the statutory deadline unless both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. *Page 4 
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . ." R.C. 2953.23(A)(1).
 {¶ 7} Here, appellant makes no attempt to satisfy the second requirement for considering untimely petitions. Indeed, his petition argues the issue of his sentence and not the issue of his guilt. For that reason alone, the trial court was justified in refusing to consider his claims. Appellant did, however, attempt to satisfy the first requirement of the statute and argued that the United States Supreme Court recognized a new right in Blakely v. Washington (2004),542 U.S. 296, 159 L.Ed.2d 403, 124 S.Ct. 2531 and that such right is enforceable in Ohio through Foster, supra. This argument fails for two reasons, however. First, we and others have held many times thatBlakely did not create a new right. See State v. Anderson, Washington App. No. 06CA32, 2007-Ohio-1517, at ¶¶ 1 3; State v. Volgares, Lawrence App. No. 05CA28, 2006-Ohio-3788, at ¶ 11; State v. Wilson, Lawrence App. No. 05CA22, 2006-Ohio-2049, at ¶ 14. Second, as the trial court correctly noted, Foster applies to cases pending on direct appeal at the time it was decided. Foster, supra at ¶ 104; State v. Courtney, Hocking App. No. 06CA18, 2007-Ohio-1165, at ¶ 12. A judgment that denied postconviction relief is not a "direct appeal" for purposes of applyingFoster. See State v. Holton, Lawrence App. No. 06CA28, Lawrence App. No. 06CA28, 2007-Ohio-2251, at ¶ 18. *Page 5 
 {¶ 8} For these reasons, we find no merit to appellant's assignments of error and we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Harsha, J.: Concur in Judgment Opinion
[1] Because proceedings in postconviction relief are civil in nature, they are governed by the Ohio Rules of Civil Procedure. Thus, Civ.R. 56(C) summary judgment motions are permissible. State v. Lechner (Mar. 29, 1996), Highland App. No. 95CA883. *Page 1