[Cite as *State v. Ervin*, 2019-Ohio-4708.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 19CA7 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| SHAWN E. ERVIN, | : | |
| Defendant-Appellant. | : | **RELEASED 11/06/2019** |

<u>APPEARANCES</u>:

Shawn E. Ervin, Hillsboro, Ohio, pro se.

Anneka Collins, Highland County Prosecuting Attorney, James Roeder, Highland County Assistant Prosecuting Attorney, Hillsboro, Ohio, for appellee.

Hess, J.

{¶1}    Shawn E. Ervin appeals the trial court's denial of his petition for postconviction relief. Ervin contends that the trial court is biased against him, abused its authority, committed judicial misconduct, committed perjury in its rulings, allowed the state's witnesses to accept bribes, and was technologically incompetent. Ervin also contends that the trial court erred in determining that the legal claims raised in his petition are barred by res judicata and in denying his claim of ineffective assistance of trial and appellate counsel.

{¶2}    We reject Ervin's contentions. Several of his assignments of error allege judicial misconduct.  Ervin complains that the trial judge failed to recuse himself from the underlying forgery proceedings. R.C. 2701.02 governs judicial disqualification. It gives the court of appeals neither the authority to rule on disqualification nor the power to void a judgment on that basis.

{¶3}    Ervin's contention that a key witness was bribed is not supported by affidavits or other documentary evidence of sufficient operative facts to establish substantive grounds for his bribery allegations. Likewise, his contention that he received ineffective assistance of counsel at both the trial and appellate level are unsupported allegations that identify neither deficiencies nor prejudice.

{¶4}    Ervin's disagreement with the trial court's ruling on his motion for a handwriting expert at state expense is woven into several of his assignments of error. This issue was raised on direct appeal. Ervin cannot relitigate it or repackage evidence for it in a postconviction relief petition – it is barred by res judicata. And to the extent it is based on new evidence outside of the record – Ervin failed to include evidentiary material demonstrating sufficient operative facts to establish substantive grounds for relief. Statements in Ervin's petition alone are legally insufficient to challenge the record on review. Ervin presented insufficient evidence of a violation of his constitutional rights. The trial court did not abuse its discretion when it denied Ervin's petition for postconviction relief. Consequently, we affirm the judgment of the trial court.

I. FACTS

{¶5}    After a jury convicted Ervin of three felony counts of forgery, the Highland County Court of Common Pleas sentenced him to community control.  Ervin appealed, contending that his convictions were against the manifest weight of the evidence and that the trial court abused its discretion by denying his request for a handwriting analysis expert at state expense, which he contended denied him the ability to present a defense to the forgery charges.  We overruled his assignments of error and affirmed his convictions. *State v. Ervin*, 4th Dist. Highland No. 18CA1, 2018-Ohio-3451.

{¶6}    Ervin filed a timely petition for postconviction relief. In the petition, Ervin contended that his due process rights were violated during the trial because: (1) the prosecutor took an inconsistent position on some of the evidence; (2) the prosecutor's closing argument conflicted with the state's evidence; (3) the state failed to provide him with complete discovery prior to trial; (4) the trial court judge was biased; (5) the jury was biased; (6) the investigation was biased; (7) there was insufficient evidence to convict him; (8) his trial attorney provided ineffective assistance by acting intimidated and bullied, failing to argue facts and evidence, failing to conduct a proper voir dire, conceding that a handwriting expert would not help his case, failing to move for a mistrial or judgment of acquittal, and stopping the trial whenever momentum was favoring him; and (9) the state fabricated a document and used it as a trial exhibit.

{¶7}    To his petition Ervin attached the following documents: (1) a "Handwriting and Document Report" Ervin[1] prepared in which he analyzes the signatures of persons that the jury found he misappropriated; (2) a draft of a federal complaint Ervin prepared that names Franklin County as the defendant, alleges child abuse, endangerment and embezzlement, and seeks $986,000,000.00 for the benefit of the children of Franklin County, a federal guardianship over the funds, and the abolishment of all juvenile laws in Ohio; (3) a photocopy of a lease bearing only Ervin's signature that Ervin argues should have been a trial exhibit (a version of the lease, which was fully executed and notarized, was one of the state's trial exhibits); (4) documents Ervin contends are invoices for approximately $390,000.00 in bribe money Ervin alleges was paid by a Franklin County Common Pleas Court, Juvenile Division Magistrate to a witness that testified at his forgery

---

[1] Ervin failed to establish himself as a handwriting expert. The trial court found that the analysis was Ervin's own, not that of an expert and properly afforded it no relevance.

trial; and (5) a photocopy of a screen shot of a "change password" message that Ervin alleges he received prior to trial when his laptop computer was in the state's possession and was supposed to be locked up. The petition included no affidavits.

**{¶8}** With the petition, Ervin filed a motion for sanctions and motion for FBI investigation in which he sought to have the trial court judge disbarred and an FBI investigation of the Highland County Sheriff's Office, the Highland County Prosecutor's Office and all of the trial judge's previous cases for patterns of corruption.

**{¶9}** The trial court denied Ervin's petition and his two motions in a single entry. The trial court denied the motions for sanctions and an FBI investigation on the grounds that they were based on Ervin's opinions and not supported by evidence and were based on rulings made by the trial court during the trial that were subject to direct appeal. The trial court denied his petition for postconviction relief on both res judicata grounds and because, to the extent Ervin relied on new evidence outside the record, he failed to support his petition with anything more than his allegations. He failed to submit affidavits or other relevant documentary evidence.

**{¶10}** Ervin filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

**{¶11}** Ervin assigns the following errors for our review:

I.    THE TRIAL COURT ERRED BY ABUSING THEIR AUTHORITY.

II.   THE TRIAL COURT ERRED BY COMMITTING JUDICAL MISCONDUCT.[2]

III.  THE TRIAL COURT ERRED BY RULING RES JUDICATA.

IV.   THE TRIAL COURT ERRED BY PERJURING ITSELF IN ITS RULINGS.

---

[2] Ervin combined his first two assignments of error into a single statement, which we break into two statements for ease and clarity.

V.     THE TRIAL COURT ERRED BY ALLOWING THEIR STAR WITNESS TO ACCEPT BRIBES.

VI.    THE TRIAL COURT ERRED BY RELYING ON THEIR OWN TECHNOLOGICAL INCOMPETENCE.

VII.   THE TRIAL COURT ERRED BY ASSIGNING INEFFECTIVE COUNSEL DURING THE TRIAL AND APPEAL.

### III. LAW AND ANALYSIS

### A. Standard of Review

{¶12} Generally we review decisions granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. In *Gondor* the Court recognized that the differences between a direct appeal and an appeal from a postconviction relief petition warranted different appellate standards of review. *Id.* at ¶ 53-54. The Court stated, "A postconviction claim is not an ordinary appeal: 'A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment.' " *Id.* at ¶ 48, quoting *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). The holding in *Gondor* broadly applies to all appellate postconviction petition review: "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58; *State v. Black*, 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, ¶ 7. "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *State v. Knauff*, 4th Dist. Adams No.

13CA976, 2014–Ohio–308, ¶ 19, citing *Cullen v. State Farm Mut. Auto Ins. Co.*, 137 Ohio St.3d 373, 2013–Ohio–4733, 999 N.E.2d 614, ¶ 19.

**{¶13}** The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905. The postconviction relief proceeding is designed to determine whether "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a). Postconviction review is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *Id.* It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. Teets,* 4th Dist. Pickaway No. 17CA21, 2018-Ohio-5019, ¶ 14. "This means that any right to postconviction relief must arise from the statutory scheme enacted by the General Assembly." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 35.

**{¶14}** A criminal defendant seeking to challenge a conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. *Calhoun* at 282, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). Before granting an evidentiary hearing, the trial court must determine whether substantive grounds for relief exist. R.C. 2953.21(D). In making such a determination, the court shall consider the petition, supporting affidavits, documentary evidence, and all the files and records from the case. *Calhoun* at 284 (noting that R.C. 2953.21 "clearly calls for discretion in determining whether to grant a hearing" on a petition for postconviction relief).

**{¶15}** "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights." *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 11. Moreover, before a hearing is warranted, the petitioner must demonstrate that the claimed "errors resulted in prejudice." *Calhoun* at 283. A court may dismiss a petition for postconviction relief without a hearing when the petitioner fails to submit evidentiary material "demonstrat[ing] that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Id.* at paragraph two of the syllabus. *See also State v. Lewis,* 4th Dist. Ross No. 10CA3181, 2011-Ohio-5224, ¶ 11; *State v. Slagle,* 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 14.

> A petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than Defendant's own self-serving affidavit or statements in his petition, which alone are legally insufficient to rebut the record on review. In reviewing petitions for post-conviction relief, a trial court may, in the exercise of its sound discretion, weigh the credibility of affidavits submitted in support of the petition in determining whether to accept the affidavit as true statements of fact. (Citations and internal quotations omitted.)

*State v. Quinn*, 2017-Ohio-8107, 98 N.E.3d 1184, ¶ 35 (2nd Dist.).

### B. Denial of Ervin's Motion for a Handwriting Expert

**{¶16}** As a preliminary matter, a number of Ervin's assignments of errors contend that his motion for a handwriting expert made during his forgery trial was "sabotaged" or denied because the judge "committed perjury" or because it would impeach the testimony of the allegedly bribed "star witness" or because of the "technological incompetence" of a court that is "not intelligent enough to know what a handwriting expert can do."

**{¶17}** Ervin raised the trial court's denial of his motion for a handwriting expert in his direct appeal. We overruled it and found that he had failed to establish a reasonable

probability that a handwriting expert would aid in his defense. *Ervin,* 2018-Ohio-3451, ¶ 22-32. Attempts to "repackage" or relitigate the denial of his motion for a handwriting expert are barred by res judicata. *In re B.C.S.,* 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 14 (postconviction relief is not warranted for claims that the petitioner raised or could have raised on direct appeal).

> Our statutes do not contemplate relitigation of those claims in post conviction proceedings where there are no allegations to show that they could not have been fully adjudicated by the judgment of conviction and an appeal therefrom. To overcome the res judicata bar, the petitioner must produce new evidence that renders the judgment void or voidable, and show that he could not have appealed the claim based upon information contained in the original record. Res judicata also implicitly bars a petitioner from 'repackaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal. (Citations and internal quotations omitted.)

*State v. Quinn*, 2017-Ohio-8107, 98 N.E.3d 1184, ¶ 35 (2nd Dist.).

### C. Abuse of Power, Judicial Misconduct, Perjury, Allowing Bribery, & Technological Incompetence

{¶18} We address Ervin's first, second, fourth, fifth, and sixth assignments of error together as they all relate to Ervin's broad allegations of judicial disqualification and incompetence.

{¶19} Ervin misstates the law in his first and second assignments of error, contending that the trial court that denied his rights cannot be the same court to rule on new evidence and misconduct. In other words, Ervin argues that the sentencing court should not be the court to review petitions for postconviction relief. That is a determination for the legislature, not the courts. The provisions governing a postconviction petition expressly provide that a petition for postconviction relief is filed "in the court that imposed the sentence." R.C. 2953.21(A)(1)(a).

{¶20} We also reject Ervin's arguments in his first, second, fourth, and sixth assignments of error that the trial court should have been disqualified for bias in his rulings, "committing perjury in his rulings as a blatant expression of bias," or its prejudice against technology.  R.C. 2701.03 sets forth the procedures for seeking disqualification of a common pleas court judge for a claim of interest, prejudice or bias. This procedure provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced.  A court of appeals does not have authority to rule on the disqualification of the trial judge or to void a judgment of the trial court on that basis. *Sprouse v. Kline,* 4th Dist. Lawrence No. 01CA27, 2002-Ohio-6155, ¶ 19-22, citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978) (explaining that because only the Chief Justice or the Chief Justice's designee may hear disqualification matters, courts of appeals are without authority to pass upon disqualification or to void the judgment of the trial court upon that basis).

{¶21} We reject Ervin's contention in the fifth assignment of error that the trial court erred by allowing a "star witness to accept bribes." Ervin alleges that a witness who testified at his forgery trial received "almost $390,000.00 to change his testimony." *See* R.C. 2921.02(C) (prohibits corrupting or improperly influencing a witness with respect to the witness's testimony and establishes it as a third-degree felony). First, to the extent Ervin was aware of this alleged misconduct at the trial court level, he failed to object to it during the trial or raise it as plain error on appeal and it is barred by res judicata.

> Postconviction relief is not warranted for claims that the petitioner raised or could have raised on direct appeal.  For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of the trial. (Citations omitted.)

*In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 14.

**{¶22}** To the extent Ervin learned of this alleged misconduct after trial, he must submit evidentiary material of sufficient operative facts to establish substantive grounds. The trial court considers the petition, supporting affidavits, documentary evidence, and all the files and records from the case. R.C. 2953.21 gives the trial court discretion in determining whether to grant a hearing on a petition for postconviction relief. Here Ervin presented no affidavits or documentary evidence sufficient to establish substantive grounds for bribery. He provided no affidavit testimony concerning the unusual bribery invoices.[3]

**{¶23}** In his sixth assignment of error Ervin contends that he was entitled to a mistrial because of the trial court's "own technological incompetence." He argues that the trial court did not understand the role of a handwriting expert, did not understand how a computer works, and is "scared to death of technology" and that "is grounds alone for a mistrial."

**{¶24}** We reject this argument. A petition for postconviction relief is a means to resolve *constitutional claims* that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. Ervin's unsupported allegations of technophobia are meritless, do not allege a violation of his constitutional rights, do not fall within the proper scope of a postconviction relief petition, and if meritorious and resulted in prejudice, could have been raised in his direct appeal.

---

[3] For example, one of the invoices in the sum of $375,375.00 contains a partial address redaction and was purportedly issued by an automotive company to a Franklin County Juvenile Magistrate and contains charges for automotive parts and services described as "5 Qty" of "Discrimination on Services," "2 Qty" of "Operating Outside Jurisdiction," "10 Qty" of "Forced Jurisdiction Upon Member Shawn Ervin," and "6 Qty" of "Slander and Professional Tort."

**{¶25}** We overrule Ervin's first, second, fourth, fifth, and sixth assignments of error.

### D. Res Judicata

**{¶26}** In his third assignment of error Ervin contends that the trial court erred in finding his petition barred by res judicata. He argues that he has new evidence of fraud that would prove his innocence and prove "malicious prosecution on the state, conspiracy to cover up a corrupt court, and conspiracy between two different courts." Again, Ervin presented no affidavit or documentary evidence to substantiate his broad claims of fraud and conspiracy.

**{¶27}** Every allegation in his petition, if meritorious, would have been known to him before or during the trial and could have been raised in his direct appeal. He provides no new evidence to support his contentions. His allegations that the prosecutor took an inconsistent position on some of the evidence, presented a closing argument that conflicted with the state's evidence, failed to provide discovery, and fabricated evidence, if meritorious, would have occurred prior to and during the trial, would have been part of the record, and could have been raised in his direct appeal. Likewise, his sweeping claims of bias, if meritorious, could have been raised in his direct appeal. As for his allegation that there was not enough evidence to convict him, we reviewed the evidence and found that his convictions were not against the manifest weight of the evidence. *State v. Ervin*, 4th Dist. Highland No. 18CA1, 2018-Ohio-3451, ¶ 21.

**{¶28}** As discussed more fully below, Ervin's allegations that his trial attorney provided ineffective assistance by acting intimated and bullied, failing to argue facts and evidence, failing to conduct a proper voir dire, conceding that a handwriting expert would

not help his case, failing to move for a mistrial or judgment of acquittal, and stopping the trial whenever momentum was favoring him, if meritorious, would have been reflected in the record. And, if it resulted in prejudice, Ervin could have raised it in his direct appeal.

### E. Ineffective Assistance of Trial and Appellate Counsel

**{¶29}** In his seventh assignment of error, Ervin contends that the trial court erred by assigning him ineffective trial and appellate attorneys. Ervin does not challenge his appellate counsel's representation in his petition and it cannot be raised for the first time on appeal. *See State v. Houser*, 4th Dist. Washington No. 03CA7, 2003-Ohio-6461, ¶ 13.

**{¶30}** When a defendant alleges ineffective assistance of counsel in a petition for postconviction relief, the defendant must proffer evidence which, if believed, would establish the elements of ineffective assistance of counsel. *State v. Vroman*, 4th Dist. Ross No. 98CA2404, 1998 WL 880545, *3 (Dec. 10, 1998), citing *State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169 (1982).

> It is the petitioner's burden to submit evidentiary documents with sufficient facts to demonstrate a constitutional deprivation, such as ineffective assistance of counsel. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. When the evidence a defendant relies upon [is] dehors the record that evidence must meet a threshold of cogency. Cogent evidence is that which is more than marginally significant and advances a claim beyond mere hypothesis and desire for further discovery. (Citations and internal quotations omitted.)

*State v. Quinn*, 2017-Ohio-8107, 98 N.E.3d 1184, ¶ 35 (2nd Dist.).

**{¶31}** The Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The Supreme Court of the United States has interpreted this provision to mean a criminal defendant is entitled to the

"reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of constitutionally ineffective assistance of counsel, appellant must satisfy a two-prong test. *Id.* Appellant must show that: (1) defense counsel's performance was so deficient that she was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution, and (2) that defense counsel's errors prejudiced appellant so as to deprive him of a fair trial. *Id.* To show prejudice, a defendant must establish a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The failure to make either showing defeats a claim of ineffectiveness of trial counsel. *Id.* at 697.

{¶32} When considering whether trial counsel's representation was deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.*, quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). *See also State v. Bradley*, 42 Ohio St.3d 136, 144, 538 N.E.2d 373 (1989) (holding that counsel's "tactical decisions" do not "rise to the level of ineffective assistance"); *State v. Keck*, 4th Dist. Washington No. 09CA50, 2011-Ohio-1643, ¶ 67 (noting that "appellate courts will not review, for purposes of ineffective assistance claims, trial 'strategy,' even if that trial strategy proves to be ultimately unsuccessful"); *State v. Teets,* 4th Dist. Pickaway No. 17CA21, 2018-Ohio-5019, ¶ 18-19.

**{¶33}** In our analysis of his third assignment of error, we found that the trial court properly determined that Ervin's ineffective assistance of counsel claim is barred by res judicata. Moreover, in his appellate brief, Ervin fails to explain how his trial attorney was deficient or how any alleged deficiencies prejudiced him. Ervin's contentions are vague at best, do not identify deficiencies, and do not state how he was prejudiced. About his trial attorney Ervin states, "Every time there was a flaw or discrepancy in the states [sic] story or testimony the defense called for a meeting to discuss with the judge and prosecution." He contends his ineffective assistance of counsel claims were supported by emails and transcripts, yet he fails to identify anything specific to support his vague contentions.

**{¶34}** We overrule his seventh assignment of error.

### F. Denial of Motion for Sanctions and Motion for FBI Investigation

**{¶35}** When Ervin filed his petition for postconviction relief, he also filed a motion for sanctions, in which he sought to have the trial judge disbarred, and a motion for an FBI investigation. The trial court denied the motions in the same judgment entry in which it denied Ervin's postconviction relief petition. In Ervin's first and second assignment of error he contends, "all three[4] motions revolve around the judge" and his violation of Ervin's constitutional rights. To the extent Ervin's appeal includes an appeal of the trial court's denial of his sanction and FBI investigation motions, we affirm the trial court's denial of them. A postconviction relief petition is govern by R.C. 2953.21. The only motions identified in that statute are discovery-related motions under R.C. 2953.21(A)(1)(f). There are no statutory provisions establishing any non-discovery related motions. Thus, Ervin's

---

[4] We presume Ervin is referring to the two motions and his petition.

motions are not recognized under R.C. 2953.21. The trial court did not abuse its discretion when it denied Ervin's motions for sanctions and an FBI investigation.

## IV. CONCLUSION

**{¶36}** Ervin was not entitled to the relief requested in his petition for postconviction relief. The trial court did not abuse its discretion when it denied Ervin's postconviction relief petition. Having overruled the assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**